IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA 1869.

## McCandless's Estate.

1. A debt was due in 1855, the debtor died in 1859; letters testamentary were taken out in 1866. *Held*, that the debt was not barred by the Statute of Limitations.

2. As a general rule the death of a debtor does not suspend the running of the statute as respects the right of action, and in an action the administrator may plead the statute after six years from the debt becoming due, although less than six years have run since the death of the testator.

3. The statute cannot be pleaded when the creditor proceeds in the Orphans' Court for a distributive portion of the debtor's estate.

4. In the one case the statute acts on the remedy, but it does not extinguish the debt nor affect the trust created for its payment so long as the trust subsists.

5. To exempt a trust from the operation of the statute it must be direct and exclusively cognisable in a court of equity, and the question must arise between the trustee and cestui que trust.

6. This is the kind of trust between the personal representatives of a decedent and his creditors.

7. The decedent's personal estate passes to his personal representatives on the express trust and confidence, that they will give to the creditors their just proportions and distribute the residue amongst his legatees or next of kin.

8. This is one of the highest kind of trusts, and equity will protect the fund for the parties entitled whenever it can be traced with notice of the trust.

9. The Orphans' Court has chancery powers and exclusive jurisdiction of the trust administered by an executor or administrator, which is not affected by the Statute of Limitations.

10. McClintock's Appeal, 5 Casey 360, considered.

11. Lapse of time will not bar the debt so long as the estate is unadministered and the trust subsists.

12. A creditor by laches may forfeit his right, and lapse of time may raise a presumption of payment.

[McCandless's Estate.]

13. If after notice the creditor allows the funds to be distributed without making his claim known, he will be barred by his laches but not by the statute.

14. In equity the statute cannot be pleaded where letters of administration have not been taken out, because no laches can be attributed where there was no representative against whom an action could be brought.

February 11th 1869. Before THOMPSON, C. J., AGNEW and WILLIAMS, JJ. READ, J., at Nisi Prius. SHARSWOOD, J., absent.

Appeal from the decree of the Orphans' Court of *Philadelphia:* No. 248, to January Term 1868, in the estate of John McCandless, deceased.

The facts of the case as presented in the appellant's paper-book are seen in the following extract from the report of the auditor:—

"Mr. Gest claimed on behalf of Samuel Simes, a creditor, $354.76, with interest from January 8th 1855. The amount was alleged to be owing on a due-bill which had been lost. It is claimed that this debt is barred by the Statute of Limitations. The debt was contracted January 8th 1855. John McCandless died in 1859. His will was proved and letters testamentary taken out by the accountant on June 30th 1866.

"At the time of the death of the testator, the statute did not bar this claim of Samuel Simes, and on his death it ceased to run.

"As the fund is treated by admission of counsel as personalty, so far as this claim is concerned, the auditor is of opinion that it is not barred by the statute, and it is allowed with interest from January 8th 1855."

The children and distributees excepted to the report of the auditor. The court dismissed the exceptions and confirmed the report. From this decree the exceptors appealed to the Supreme Court, and assigned it for error.

*S. Hood*, for appellants, cited McClintock's Appeal, 5 Casey 360; Angell on Lim. 187; Pollock *v.* Gardner, 1 Hare 594; Brown *v.* Cross, 14 Beav. 105; Champion *v.* Rigly, 1 Russ. & My. 539; Sibbering *v.* Balconer, 3 De G. & S. 735; Steele *v.* Steele, 1 Casey 154; Glenn *v.* Cuttle, 2 Grant 273; 2 Redf. on Wills 186, § 10; Warren *v.* Paff, 4 Bradf. Surr. R. 260; Ram on Assets 453; Man *v.* Warner, 4 Whart. 455.

*J. B. Gest*, for appellee.—Act of March 27th 1713, § 1, 1 Sm. L. 76, Purd. 655, pl. 16; Thompson *v.* McGaw, 2 Watts 161; Doebler *v.* Snavely, 5 Id. 225; Patterson *v.* Nichol, 6 Id. 379; Dillebaugh's Estate, 4 Id. 177; Johnston *v.* Porter's Administrator, 14 S. & R. 395; 1 Williams on Executors 255, 555; McClintock's Appeal, *supra;* Mitcheltree *v.* Veach, 7 Casey 455; Story's Eq. Pl. § 753; Hyde *v.* Hart, Cooper's Points of Pract.

[McCandless's Estate.]

197; Douglas *v.* Forrest, 4 Bingh. 684; Act of March 29th 1832, § 19, Pamph. L. 194, Purd. 300, pl. 169 ; Smith's Estate, 1 Ashmead 352; Mitchell's Estate, 2 Watts 88; Stoever's Appeal, 3 W. & S. 154.

The opinion of the court was delivered, March 11th 1869, by

WILLIAMS, J.—The only question presented by the appeal in this case is, was the claim of the appellee barred by the Statute of Limitations? It was not barred when the testator died, but more than six years elapsed after his death before the executor settled an account of the money which came into his hands belonging to the estate. The auditor decided on the authority of McClintock's Appeal, 5 Casey 360, that the statute ceased to run at the death of the testator, and, therefore, that the claim was not barred. It was accordingly allowed by him, and the Orphans' Court confirmed his report and decreed its payment. The appellants contend that the statute begins to run from the death of the debtor, against all claims on his estate then due. If the law is so, then this claim was barred, and the court erred in decreeing its payment.

As a general rule the death of a debtor does not suspend the running of the statute, as it respects the creditor's right of action; and therefore an administrator may plead the Statute of Limitations in an action brought against him to recover a debt of the decedent if six years have elapsed from the time it occurred, although less than that period may have elapsed at the death of the debtor. But the statute cannot be pleaded in bar of the claim, when the creditor proceeds in the Orphans' Court for a distributive proportion of the decedent's estate: Micheltree's Administrator *v.* Veach, 7 Casey 455. The reason why the statute is pleadable in the one case and not in the other is, that it acts on the remedy and takes away the right of action, unless suit is brought within the time limited for its commencement, but it does not extinguish the debt, nor affect a trust created for its payment, as long as the trust subsists, and is acknowledged and acted upon by the parties.

But to exempt the trust from the operation of the statute, it must be direct and exclusively cognisable in a court of equity, and the question must arise between the trustee and the cestui que trust: Lyon *v.* Marclay, 1 Watts 271; Zacharias *v.* Zacharias, 11 Harris 452; Keller *v.* Rhoads, 3 Wright 520; Barton *v.* Dickens, 12 Id. 522; and this is precisely the character of the trust which the law creates and establishes between the personal representatives of a decedent and his creditors. It commits the decedent's personal estate to the care of his personal representatives, upon the express trust and confidence that they will give to the creditors their just proportions, and distribute the residue, if any,

among the legatees and next of kin. The law regards the trust as one of the very highest character, and equity will protect the fund for the use of the parties in interest whenever it can be traced with notice of the trust. In support of this doctrine, we need only to cite the case of Abbott *v.* Reeves, Buck & Co., 13 Wright 505, decided by this court in 1865. In delivering the opinion, Read, J., said: "In Pennsylvania an executor is emphatically a trustee. \* \* All funds of the estate in his hands are trust funds, and if loaned by him to others, with a knowledge of the facts, are trust funds in the hands of the receiver, and whether loaned properly or not must be repaid to the trustee."

Our Orphans' Courts have chancery powers, and they have exclusive jurisdiction of the trust administered by an executor or administrator, and as the trust is direct, it comes strictly within the description of the class of trusts which are not reached or affected by the Statute of Limitations. It was upon this principle that the case of McClintock's Appeal was decided, and not, as the appellants contend, because six years had not elapsed from the death of the decedent to the time of distribution. There is nothing in the opinion delivered by Black, J., in that case which countenances the doctrine that the statute begins to run from the death of the debtor against all claims on his estate. On the contrary, though the precise point raised here was not decided in that case, it is said the creditor need not bring suit; the assets applicable to his debts are already in the hands of the legal officer, whose duty to pay them over will be enforced by the proper authority, without an action. All that he is required to do is to make known his claim within a given time. Of course the trust of the administrator is for the use of all the creditors, whose debts are subsisting, and valid in law and equity at the time of the decedent's death. He has no right to give one a preference over another. The assets belong to all, and he must pay all, if there be enough to reach; in case of a deficiency, the loss is to be equally borne. He cannot object to a claim, which was good when he accepted the trust, on the ground that it has since reached an age greater than six years.

Lapse of time then will not bar the debt, so long as the estate is unadministered, and the trust subsists. Undoubtedly a creditor by gross laches may forfeit his right to a distributive portion of the estate of his deceased debtor, and lapse of time may raise a presumption of payment. If, after notice, he suffers the funds in the hands of the executor or administrator to be distributed and paid over, without making known his claim, his right to any portion of the fund will be barred, but it will be barred by his laches and not by the statute.

Aside from the trust, it is by no means clear that the appellants ought to be allowed to plead the statute in bar of the claim in this

case.   The testator died in 1859, and the executor did not prove his will and take out letters testamentary until 1866; in the mean time there was no one whom the appellee could sue.   In equity the statute cannot be pleaded in a case, when the executor has not taken out letters of administration, because no laches can be attributed to a plaintiff for not suing while there was no executor against whom he could bring his action: Story's Eq. Pl. § 753. If the statute could not be pleaded in equity it would seem to follow that it ought not to be pleaded here.

The appeal is dismissed and the decree affirmed at the costs of the appellants.

The following concurring opinion was delivered by

AGNEW, J.—I concur in the judgment in this case on the ground that the Statute of Limitations was suspended by the want of letters testamentary.   But I cannot assent to the principal ground on which the case has been rested in the opinion.   It seems to me contrary to the policy of the state, to the spirit of the laws regulating the settlement of estates, and to the interests of all persons in succession; and is an extension of the doctrine of McClintock's Appeal beyond its just limit.   That case decided that a debt not barred at the death of the decedent was not barred at the settlement within two years thereafter.   This case decides that it is not barred six years afterward, and in effect that the creditor may hold his debt back as long as any estate remains. He may go into the Orphans' Court at any time, and be allowed his claim *nolens volens*, even though he cannot recover at law. This is to make two rules for the administration of estates: one at law and another in equity.   In Man *v.* Warner, 4 Whart. 455, a case most elaborately argued, and decided on a discussion of all the authorities, it was held that a debt was barred though not due at the testator's death, notwithstanding a provision in the will for the payment of all debts and for carrying on the business.   The same doctrine was held in Mitcheltree's Administrator *v.* Veach, 7 Casey 455, in which it was said McClintock's Appeal does not apply to actions at law.   The result is that the debt has under these decisions a double *status*.   In Kittera's Estate, 5 Harris 416, a creditor, and in Hoch's Appeal, 9 Harris 280, a legatee was held to have the right in the Orphans' Court to contest a creditor's claim on the ground that it is barred by the statute; and in Ritter's Appeal, 11 Harris 95, it is held that the executor or administrator, though not bound himself to set up the statute, is compellable to do so if required by distributees or legatees. Now, if the reason given for the decision in this case be law, we have the singular consequence that the claimant, though he cannot recover at law, can come into the Orphans' Court at any time less than twenty years after the death of the decedent, and be

allowed his claim against the protest of all other parties in interest, be they other creditors, the administrator, the legatees and next of kin. And there is no difficulty in doing this, even after the settlement of the estate and balance paid over to the legatees or distributees, for the administrator is bound to take refunding bonds to answer debts that shall afterward appear. The error, I conceive, lies in applying to a legal system of administration the doctrine of those peculiar technical trusts not cognisable in a court of law, but belonging exclusively to a court of chancery. It is only these that are protected from the Statute of Limitations. But this is a system reared and regulated by law. While the administrator is a trustee in the sense that he is to administer the estate for the benefit of others, he is to do this not as a matter of pure conscience, but as a matter of law, and it is a *non sequitur* that a creditor stands in the relation of such a cestui que trust, whose interests are peculiarly and extrinsically cognisable in equity, and are therefore to be tenderly cared for and preserved by a chancellor. On the contrary, he is a claimant adverse to all other creditors and to all in succession to the estate, a party whose interests are hostile, and is therefore bound to due diligence, and has his remedy at law, and is not necessarily cast into the arms of the chancellor. On what principle of fair dealing shall he hang back, and, after long years, when parties entitled to the succession have supposed all debts paid, and have formed their plans of life founded on the estate believed to be theirs, then come in to rob them of their heritage? In my judgment it is contrary to two maxims of equity: that equity favors not stale claims, and that equity follows the law in regard to limitation. McClintock's Appeal, decided without a single authority, was a virtual repeal of the statute, on the supposition of a peculiar trust cognisable in equity alone, a clear mistake, seen at the instant that the character of the system of the administration of estates regulated by law appears. But let that case stand as authority to the extent of its facts, that a debt not barred at death is not barred at a settlement within six years afterward. But do not extend it to any indefinite period beyond six years after death or letters of administration taken out. The debt must be proved in order to seat it on the trust. Equity, following law, should say to the claimant, if you do not present your claim and have it allowed by the trustee within six years you are to be cast upon the law, and the rights of legatees and distributees are not to be affected, administration is not to be delayed, and the administrator should not be prevented in the Orphans' Court as well as in the Common Pleas from denying your right to come in on the fund. It is against the whole policy of the law, which fixes a period for the settlement of estates, and gives the right to distributees and legatees to demand payment after the lapse of one year, and thereafter

[McCandless's Estate.]

at the end of every six months estimating the debts yet to be paid and retaining a sum accordingly. It is against the same policy which limits liens and actions to subject real estate, a secondary fund, to the payment of debts. It is impossible to discern a reason why the personal estate, the primary fund, should be exempt from all limitation, and why legatees and distributees should be compelled to wait for all time on the tardy movements of creditors. More might be said, and better said; these remarks being hastily thrown together this morning to indicate the ground of my concurrence, and what I do not concur in. See Trinity Church *v.* Watson, 14 Wright 528–9.