Verdict for defendant.

---

## In re McKINNEY, Bankrupt.

*(District Court, W. D. Pennsylvania. April, 1883.)*

1. BANKRUPTCY—TRUST ESTATE—LAPSE OF TIME AS A BAR.

   Mere lapse of time will not bar a claim against a trust estate, valid and in full life when the trust was created, so long as the estate is unadministered and the trust subsists.

2. SAME—STATUTE OF LIMITATIONS.

   The statute of limitations is no bar to proof in bankruptcy if it had not run against the claim at the commencement of the proceedings in bankruptcy.

In Bankruptcy. *Sur* exceptions to the register's report upon the claim of H. Oppenheimer.

*Knox & Reed,* for exceptants.

*Levi Bird Duff, contra.*

ACHESON, J. The adjudication in bankruptcy was on October 21, 1872, upon a petition filed September 28, 1872. The bankrupt's note bears date September 25, 1872, and was due 60 days thereafter. The tender of proof upon the note was made December 29, 1879. The period of limitation under the Pennsylvania statute is six years. It thus appears that more than the statutory period had run after the adjudiction, and after the maturity of the note, before the proof of debt thereon was tendered. It is a Pennsylvania contract and the parties thereto reside in this state. Is the statute of limitations a bar to the proof? The exceptants contend that it is, and they rely upon the decision of Judge DEADY, in *Nicholas* v. *Murray,* 5 Sawy. 320, who held that the statute of limitations of the state where the debtor is adjudged a bankrupt continues to run, after adjudication, against creditors. But the contrary has been determined, and I think with better reason, by Judge HUGHES, in *Re Eldridge,* 12 N. B. R. 540, and by Judge BRADFORD, in *Re Graves,* 9 FED. REP. 816. The latter cases are in accord with the English rule that the issuing of a commission in bankruptcy creates a trust for creditors against which the statute of limitations does not run. *Ex parte Ross,* 4 Glyn

& J. 46, 330. A like rule has obtained in cases arising under the insolvent law and under voluntary assignments, and in the administration of the estates of decedents. *Minot* v. *Thacker*, 7 Metc. 348; *Willard* v. *Clarke*, Id. 435; *West* v. *Creditors*, 1 La. Ann. 365; *Heckert's Appeal*, 24 Pa. St. 482; *McClintock's Appeal*, 29 Pa. St. 360; *McCandless' Appeal*, 61 Pa. St. 9. The underlying principle of these decisions is that mere lapse of time will not bar claims against the trust estate valid and in full life when the trust was created, so long as the estate is unadministered and the trust subsists. The principle is perfectly sound, and there is no good reason why it should not prevail in cases under the bankrupt law. The statute of limitations, operating upon the remedy, bars an action at law, but it does not extinguish the debt, and is no obstacle to the creditor who seeks his share of the assets in the hands of the assignee, where such creditor had a provable debt when the bankruptcy proceedings commenced. It is very true that section 4984, Rev. St., prescribes that in the circuit court, upon an appeal, the contested claim must be declared on and tried as in an action at law. And if, as assumed by the exceptants, the statute of limitations would be a good plea in bar to the declaration in the circuit court, then undoubtedly it ought also to operate as a bar to the proof of debt. But the assumption is unwarrantable, for the purpose of the issue and trial in the circuit court is not to obtain a judgment against the debtor, or the assignee personally, but to determine whether the creditor has a provable debt, and the amount thereof.

And now, April 4, 1883, the exceptions to the register's report are overruled, and the report is confirmed absolutely.