## Appeal of Christiana Ferrance's Administrator et al.

1. An original judgment was divided, and assigned to various persons. A., one of the assignees, sought to revive the same as to his share therein, by issuing a scire facias, in which, besides other variations, the amount of the debt stated was different from the original judgment. B. et al., assignees of other portions of the original judgment, more than five years after the entry of said judgment, filed a suggestion, under the term and number of A.'s sci. fa., that a judgment of revival be entered for the amount of their collective shares, which was accordingly entered. The court afterwards decided that A.'s scire facias was ineffectual, owing to the variance between it and the original judgment.

*Held*, that the judgment entered in pursuance of B. et al.'s suggestion was ineffectual to revive the liens of their shares of the original judgment.

*Semble*, That B. et al. had no standing to amend A.'s scire facias, even if the same were amendable.

2. The lien of a judgment against a debtor's real estate cannot be continued after five years, without a revival, by virtue of his assignment for the benefit of creditors.

June 9th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Court of Common Pleas of *Dauphin county* : Of May Term, 1884, No. 10.

This was an appeal from the same decree as that in Dietrich's Appeal (the preceding case), and was taken by Wm. B. Gratz, administrator of Christiana Ferrence and thirteen others, who were the persons to whom the State Bank had assigned parts of the $20,000 remaining due on the Bank's judgment of $28,120.72 against George Winters, No. 145, August Term, 1877, after entering the credit of $10,264 thereon.

It appeared that on October 7th, 1882, the day of the sale of Winters's real estate, but before said sale, the attorneys for Gratz and others filed a paper suggesting a judgment of revival for $16,532.95, under No. 42, August Term, 1882, which was the scire facias issued by Mrs. Dietrich for $1,300 ; and that said judgment of revival was entered. This sum of $16,532.95 was then apportioned among the said assignees of judgment No. 145, August Term, 1877, and before the Auditors, F. M. Ott, and LeRoy J. Wolfe, Esquires, appointed to distribute the proceeds of Winters's real estate (as set out in Dietrich's Appeal, *supra*) these said assignees claimed the fund by virtue of the revival judgment of $16,532.95, on the ground that Dietrich's sci. fa. to No. 42, August Term, 1882, continued the lien of the entire original judgment.

[Appeal of Christiana Ferrance's Administrator.]

The Auditors disallowed this claim, holding that inasmuch as said sci. fa. to No. 42, August Term, 1882, failed to revive the judgment No. 145, August Term, 1877, or any part thereof, therefore it followed that the claimants in this proceeding, who had done nothing toward reviving their judgment within five years from its date, except what was based on said sci. fa., had no standing. The fund was therefore awarded to the bank on its judgment No. 403, November Term, 1878, which came second in order of priority.

Exceptions filed to this report were overruled by the court, McPHERSON, J. delivering the opinion, and a decree entered confirming the same; whereupon Christiana Ferrence's administrator, and other assignees of the judgment No. 145, August Term, 1877, took this appeal, assigning for error said decree, and the ruling of the court in refusing to hold, "that the effect of the assignment by George Winters, the defendant in appellant's judgment for benefit of his creditors, was to make his creditors joint owners in equity of the assigned property, in proportion to the amount of their respective claims as they stood at the date of the assignment, and in not holding that appellant's judgment, which was the first lien at the time of the assignment, continued to be and was the first lien upon the fund, irrespective of any question as to its revival."

*McCarrell* (with whom were *Fleming, J. H. Shopp* and *George H. Irwin*) for appellants.—The scire facias to revive the original judgment, issued by Mrs. Dietrich to No. 42, August Term, 1882, was necessarily for the benefit of all the equitable plaintiffs in said judgment: Arrison *v.* Commonwealth, 1 Watts 378. The variances between this sci. fa. and the original judgment were merely formal, and the court should have permitted them to be amended: Willard *v.* Norris, 2 Rawle 63; Maus *v.* Maus, 5 Watts 315; Richter *v.* Cummings, 10 P. F. S. 441; Dougherty's Estate, 9 W. & S. 189. The rights of the creditors of George Winters as they stood at the date of his assignment were fixed by said instrument and could not be changed except by mutual consent, by anything subsequently occurring: Miller's Appeal, 11 Casey 482; Morris *v.* Olwine, 10 Harris 441; Keim's Appeal, 3 Casey 42; Black's Appeal, 8 Wr. 508; Patten's Appeal, 9 Wr. 160; Hess' Estate, 19 P. F. S. 275.

*Wallace De Witt* and *Charles H. Bergner,* for appellee.— The appellants' proceeding was an endeavor to take judgment for $16,532.95 on a scire facias that only claimed a debt of $1,229.18, and on which a judgment for the latter sum had

already been taken. That this could not be done is too clear for argument: 1 Blackford 297. The appellants' judgment was a first lien on Winters's property. They knew the bank held a second judgment, and they were bound to know that their own judgment would lose its lien in five years unless properly revived. They failed to revive, and lost their legal advantage by their own negligence. Winters's deed of assignment did not do away with the necessity for revival: Ebright *v.* Bank, 1 Watts 398; Dohner's Appeal, 1 Barr 102; Commonwealth *v.* Lelar, 1 Harris 23; Fulton's Estate 1 P. F. S. 206; Kirby *v.* Cash, 12 Norris 505.

Mr. Justice Paxson delivered the opinion of the court, October 6th, 1884.

This appeal was from the same decree as that in Dietrich and Creamer's Appeal just decided. Much that was said in that case is applicable here. The appellants took no step towards the revival of the judgment within five years from its date. After the five years had expired they came into court and attempted to take advantage of the writs issued by Mary J. Dietrich and Catharine Creamer. They did not ask to amend those writs; indeed it is difficult to see what standing they would have had to amend writs to which they were not parties; but they filed a suggestion upon which an additional judgment was entered October 7th, 1882, for $16,532.95. But the original proceedings to revive, as we have seen, were abortive. The appellants might have disregarded them, and by issuing a proper writ within five years have revived the judgment and continued the lien. But they allowed the five years to slip by and then attempted to save their lien by tacking their suggestion to a worthless writ. It needs no argument to show that this cannot be done.

It was contended, however, (see 3d Assignment) that there was no necessity to revive the judgment; that the rights of the parties were fixed as of the date of the assignment, and that under Miller's Appeal, 11 Casey 481, the equitable ownership of the assigned property passed to the creditors. That it did so pass may be conceded. But it passed to the general creditors, subject so far as the real estate is concerned, to the liens held by particular creditors. This gave the latter an advantage or priority over the general creditors. This advantage they could retain by reviving their judgments, and in no other way. To hold that the liens against a man's real estate may be continued after five years without revival, because of his assignment for the benefit of creditors, would be substantially to repeal one Act of Assembly and enact a new one. This is not within the recognized scope of our power. If

authority were needed for so plain a proposition, it may be found in Shaeffer *v.* Child, 7 Watts 84 ; Gloninger *v.* Hazard, 6 Wright 400 ; Stirk's Appeal, 2 W. N. C. 673.

> The decree is affirmed and the appeal dismissed at the costs of the appellants.