## LUDOWICI CELADON CO. v. POTTER TITLE & TRUST CO.

### In re WAITE.

(Circuit Court of Appeals, Third Circuit. June 13, 1921.)

#### No. 2718.

**Limitation of actions ⬅110—Judgment creditor need not revive judgment after bankruptcy to preserve lien against land.**

A creditor, who had a valid judgment lien against the land at the time of the judgment debtor's bankruptcy, need not thereafter revive his judgment by scire facias to preserve the lien as against the trustee and the existing creditors, since the rights of all the parties became fixed at the time of bankruptcy, and especially where no trustee had been appointed at the time the scire facias proceedings should have been brought, so that there was no one who could be designated as terre-tenant in such proceedings.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

In the matter of the estate of John J. Waite, bankrupt. On claim by the Ludowici Celadon Company against the Potter Title & Trust Company, trustee, to share in the proceeds of the sale of real estate by the trustee. From a decree denying the right claimed, claimant appeals. Reversed with directions.

Lowrie C. Barton, Harry M. Stein, and Duff & Carmack, all of Pittsburgh, Pa., for appellant.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The question involved in this case is whether a judgment which is a valid lien against the real estate of a bankrupt in Pennsylvania at the time of his adjudication, but which is not revived by scire facias within five years from its entry, thereby loses its lien against such real estate. The referee and court below held, in an opinion printed in the margin,[1] it did, and rejected the judg-

---

[1] The Ludowici Celadon Company claimed the right to share in the proceeds of the sale of real estate by the trustee of the bankrupt, after a sale of the real estate had been ordered by the referee, free and discharged of the liens, and when the proceeds of the sale were before him for distribution. The referee disallowed the claim, and the said company caused him to certify the question to this court as to whether the claim should be allowed.

The petition in bankruptcy was filed in 1913. At that time said creditor was a judgment creditor of the bankrupt upon a judgment recovered in 1912, which judgment was a lien upon the lands of the bankrupt at that time. In October of 1920, the land of the bankrupt was sold, free and discharged of liens. From the time of the entry of the judgment in favor of the creditor and against the bankrupt, up until the date of the sale, a period of over eight

ment as a lien against the proceeds of the bankrupt's real estate. Thereupon the judgment plaintiff took this appeal.

years, no steps were taken by the creditor to revive and continue the lien of its judgment. The creditor now claims that, because its judgment was a lien at the time of filing the petition in bankruptcy, its status, as a lien creditor, was fixed at that time and continued indefinitely, until the property was sold by the trustee. Unfortunately for the creditor, however, while it may have continued to be a creditor down to the date of the sale by the trustee, yet it did not continue to be a lien creditor during all of that time, and was not a lien creditor at the time of the conversion of the lands into money.

It is a well-known principle of law that, where the bankruptcy law is silent, the nature, extent, and duration of a lien must depend upon the law of the state in pursuance of which the lien was created. Creditors who have reduced their claims to judgments in Pennsylvania have a lien upon the real estate of the debtor for a limited period only, unless they avail themselves of the remedy provided by law for the revival and continuance of their liens.

It is unnecessary to detail the laws of Pennsylvania relating to the revival of judgments, but it may be well to call attention to the fact that it is provided that, if the judgment debtor shall have sold his land subject to the lien of a judgment, the judgment creditor, in order to continue the lien upon that particular land, must cause the writ of scire facias to issue, not only against the judgment debtor, but the terre-tenant. Again, a judgment, although it may have lost its lien by reason of the failure to include the terre-tenant, may become a lien upon other after-acquired property, when judgment of revival is entered against the original defendant. Moreover, the judgment itself is a debt, regardless of its character as a lien. It is not unusual for suits to be brought upon the record of a judgment, or to make the same the subject of a proof of claim in bankruptcy.

"The creditor in this case filed no proof of claim against the bankrupt in this proceeding, setting forth the indebtedness upon the judgment. Doubtless the referee would have permitted some distribution to said creditor out of the general estate, if any, in the hands of the trustee. This is probably what the referee had in mind when he refers to the absence of any proof of claim in this case. It is not necessary for a judgment creditor, holding a lien upon real estate, to present any proof of claim, if he desires to rely wholly upon his lien, because his lien, if valid, could not be affected by the bankruptcy law. If a lien creditor desires, at any time, to proceed to the enforcement of his lien, the court will permit him to exercise the remedies which are available, to him, under the law of the state whereby the lien was created. It is a matter commonly accepted, in view of the many authorities, of which Zartman, trustee, v. Bank, 216 U. S. 134, 30 Sup. Ct. 368, 54 L. Ed. 418, is an example, that the trustee in bankruptcy takes the property as the bankrupt had it at the time of the petition, subject to all valid claims, liens, and equities. A judgment creditor of a bankrupt can revive his judgment under the statutes of Pennsylvania, by naming the trustee in bankruptcy as a terre-tenant, after procuring leave of court so to do.

It is interesting to note that in the Matter of Josiah Van Kirk Thomson, Bankrupt, in this court, some hundreds of creditors issued proceedings to revive judgments against the bankrupt, naming the trustees as terre-tenants. Those proceedings are suggestive, as showing the views of the profession upon the necessity of reviving judgments where the judgment debtors are in bankruptcy. In that case, however, this court had to require the judgment creditors to exclude from their writs of scire facias the trustees of the bankrupt as terre-tenants, because all of the bankrupt's property had been sold by direction of this court and the subsequent revival of the judgments in that manner implied either that the sale was without jurisdiction by this court, or that there was property of the bankrupt still in the hands of his trustees, which had not been included within the conveyance.

The case at bar is an example of loss by a creditor by reason of its lack of diligence. The learned referee was clearly right.

We are of opinion the general principle of law decisive of the present case is stated in McKinney, Bankrupt (D. C.) 15 Fed. 913. In that case, after referring to a number of decisions, Judge Acheson there said:

"The underlying principle of these decisions is that mere lapse of time will not bar claims against the trust estate valid and in full life when the trust was created, so long as the estate is unadministered and the trust estate subsists. The principle is perfectly sound, and there is no good reason why it should not prevail in cases under the bankrupt law."

It was accordingly there held that a note of a bankrupt, which was not barred by the Pennsylvania statute of limitations at the time of the adjudication, was not barred by the running of the statutory time while the court was administering the trust. Now, in the present case, the judgment was a valid lien against the land of the trust estate when the trust was created. The rights of contemporaneous or subsequent judgment creditors, of other incumbrance, or of purchasers, are not here concerned. The case only concerns the rights of other cestuis que trustent, whose right, as well as the judgment creditor's, were fixed by the adjudication. The rights of all being as of that date, what was to be gained, lost, or affected by a subsequent scire facias to revive this judgment? In point of fact, no trustee had qualified when the time to revive arrived, and consequently there was no terre-tenant on whom a writ could be served. The time that elapsed before a trustee was chosen on whom the writ could be served, and by whom the trust estate was to be administered, was not the delay of the judgment creditor. The law had the land in its grasp; it had taken it subject to a valid lien; its obligation was to administer the trust pro tanto for the benefit of the lien. In the absence of anything to be accomplished by the formal revival of this judgment, and the rights of no other but fellow cestuis que trustent being here involved, we are clear that neither the reason nor the spirit of the bankrupt law necessitate the revival of a judgment lien valid when the bankrupt trust was created, and such holding is in harmony with the earlier decision of Judge Acheson in this circuit.

The judgment below is therefore reversed, with directions to vacate the decree and allow this judgment to participate as a valid lien. In view of the acquiescence of the judgment creditor in the delay of administration, we leave the quantum of the claim of the judgment creditor for interest to be equitably determined by the court below.