## In re ELY.

District Court, W. D. Pennsylvania. June 21, 1928.

No. 12666.

John M. O'Connell, of Jeannette, Pa., for bankrupt.

Carroll Caruthers, of Greensburg, Pa., for Irwin Savings & Trust Co.

A. H. Kaufman and M. D. Wedner, both of Pittsburgh, Pa., and Chas. C. Hileman, Jr., of Greensburg, Pa., for receiver and trustee.

GIBSON, District Judge. Upon a judgment and levy made prior to bankruptcy, the sheriff of Westmoreland county sold certain real estate of the bankrupt. After satisfaction of the judgment and payment of costs, $948.44 remained in the hands of the sheriff, who filed his schedule of distribution in the court of common pleas of Westmoreland county, wherein he set out a note mentioned as payable to the Irwin Savings & Trust Company. The judgment of the Irwin Savings & Trust Company had been entered less than four months prior to the petition in bankruptcy. Exceptions were filed in the court of common pleas of Westmoreland county by the then receiver to the award to the Irwin Savings & Trust Company, as shown by the sheriff's schedule. Argument was had before the court of common pleas upon the exceptions, but no issue as to disputed facts was awarded by that court. Later the court of common pleas made its order confirming the distribution shown by the sheriff's schedule, and awarded the sum of $948.44 to the Irwin Savings & Trust Company. This action, as this court is given to understand, was based upon the failure of the receiver to establish the existence of the bankruptcy proceedings and his appointment as receiver.

The receiver took out a writ of certiorari upon the order of distribution of the court of common pleas to the Superior Court of Pennsylvania. This appeal was not prosecuted by the receiver and was later dismissed. Thereupon the trustee, who had formerly been the receiver, filed a petition before the referee in bankruptcy for Westmoreland county for an order upon the sheriff and the Irwin Savings & Trust Company to pay over to the trustee the sum of $948.44, the balance left in the sheriff's hands as aforesaid. A rule to show cause was issued, and the Irwin Savings & Trust Company answered, denying jurisdiction. After hearing, the rule was made absolute, and the order of the referee was returned to this court, which confirmed it nisi, to be made absolute, unless exceptions were filed within 10 days. The Irwin Savings & Trust Company appeared and filed exceptions, wherein it questioned the jurisdiction of the court to make the order. In due time the exceptions were argued before this court.

In our judgment, the exceptions must be sustained. It seems plain, as the facts are now made to appear in this court, that the receiver, as a matter of abstract law, was entitled to receive the fund which remained after the satisfaction of the judgment pursuant to which the real estate was sold. It may be that the receiver failed to make satisfactory proof of the existence of the bankruptcy proceedings and his appointment as receiver before the court of common pleas, and in strict performance of his duty should have asked for an issue to establish such facts.

Despite the fact, however, that the order of the Westmoreland county court seems,

to award the fund in question to one not entitled in law to receive it, we feel that this court has no power to order the sheriff to turn the fund over to the trustee in bankruptcy. This court waived its jurisdiction and permitted the foreclosure of the mortgage in the state court. That court, so permitted, properly took jurisdiction of the sale and the distribution of the fund arising therefrom. If it erred in its order of distribution, its order was reviewable, not in this court, but in the appellate court of the state.

If the trustee has any present remedy in the premises, in view of the dismissal of the writ of certiorari in the Superior Court of Pennsylvania, it exists in a petition to the court of common pleas to reopen the judgment and to award an issue, which, if allowed, would permit the trustee to prove the validity of the bankruptcy proceedings and his appointment.