**BIDDLE et al. v. COX LIME, STONE & LIME PRODUCTS CORPORATION.**

No. 4959.

District Court, E. D. Pennsylvania.

Jan. 16, 1942.

W. H. Rosenberry, Jr., of Norristown, Pa., for Reed, rec'r of Commercial Nat. Bank.

W. L. Matz, of Philadelphia, Pa., for Treasurer of Montgomery County.

KIRKPATRICK, District Judge.

Certain real estate of the Cox Lime, Stone & Lime Products Corporation was sold in 1940 under court order and the proceeds were to be substituted for the real estate, the company then being in receivership. The fund is now for distribution, and it is claimed by the first mortgagee and the Treasury of Montgomery County for real estate taxes due Whitemarsh Township. There is no dispute about the liened taxes, but the mortgagee claims that he has priority in distribution over the unliened taxes for the years 1928–1931, inclusive.

It is the contention of the taxing authorities that a receivership having intervened it was no longer necessary to file liens for taxes during the period of receivership in order to maintain the priority claim of the taxes. McCormick v. Puritan Coal Mining Co., 3 Cir., 28 F.2d 331, is cited generally in support of this position.

■ The mortgagee relies on Middlesex Township v. Wetzel, 1938, 32 Pa. Dist. & Co. R. 525. Since this is not a bankruptcy proceeding but an equity receivership and consequently, under Erie R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, state law governs, the latter decision is controlling. This latter case holds that the provision for filing the lien within the statutory period is mandatory and failure to comply is fatal to the lien. 32 Pa. Dist. & Co. R. at page 527.

■ The proceeds of the sale of the realty available for distribution must, however, be paid to the tax collector, though his lien for the taxes is lost. The leading case of Gehr v. Mont Alto Iron Co., 1896, 174 Pa. 430, 34 A. 638, held that taxes assessed during receivership are properly an administrative expense and as such are entitled to priority. The court said, at page 434 of 174 Pa., at page 639 of 34 A.: "The auditor has allowed the taxes in full which were assessed during the period covered by the receivership. In this, we think, he was correct also. If the labor and other expenses incident to conducting the business of the furnace and the farms, are to be paid by the receiver, why not the taxes? All are alike debts incurred by the court in the administration of the trust."

Williams v. Old Glory Coffee Co., 1935, 28 Berks 23, 24, held: "The claims of creditors of insolvent corporations are fixed as of the date of the adjudged insolvency and the appointment of the receiver. Dean's Appeal, 98 Pa. 101, 38 Am. Rep. 165. The costs of administration incurred by the receiver are in general to be preferred in payment to all other claims. Taxes assessed against real estate in the possession of the receiver during the period of the receivership are to be regarded as a cost of the administration and are, therefore, like other costs, entitled to priority in payment. Gehr v. Mont Alto Iron Co., 174 Pa. 430, 434 [34 A. 638]; 53 C.J. 243. In fact the preference to which such taxes are entitled is not dependent upon whether or not they are a lien. Coy v. Title Guarantee & Trust Co. [9 Cir.], 220 F. 90 [L.R.A.1915E, 211]."

Since the taxes for 1928 were assessed prior to receivership, they are not properly an administrative expense, but the fund is only $800 and the claim for the tax years 1929, 1930 and 1931 is far in excess of that amount; so the 1928 item is of no real importance.

An order may be submitted.