## Natoli Appeal.

Argued March 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William C. Cahall, III,* with him *Smith, Cahall & Aker,* for appellant.

*Joseph J. Zapitz,* Assistant United States Attorney, with him *Harold K. Wood,* United States Attorney, for United States of America, lien creditor, appellee.

*Milton Jacobson,* for Norristown Plumbing Supply Co., judgment creditor, appellee.

OPINION BY WRIGHT, J., April 16, 1958:

We are here concerned with a dispute over the distribution of the proceeds of a sheriff's sale of real estate on a writ of levari facias after judgment in an action of mortgage foreclosure. The sheriff's schedule of distribution failed to list two judgments of Dorothy I. Natoli as liens for the reason that said judgments had not been revived. The lower court dismissed Dorothy's exceptions to the sheriff's schedule of distribution, and she has appealed.

On June 10, 1949, the Norristown Federal Savings and Loan Association recorded a first mortgage on the real estate of Archibald B. and Jean Dolores Erwin. On November 5, 1949, appellant entered two judgments against the Erwins. On July 1, 1952, the United State Government entered a lien against the Erwins for income tax. On April 11, 1952, the Norristown Plumbing Supply Company entered a number of judgments against the Erwins. On June 22, 1954, the Erwins entered into voluntary bankruptcy, and the real estate in question was listed in the schedule of assets. The Savings and Loan Association subsequently presented a petition to the referee in bankruptcy, which petition was joined in by the trustee, requesting leave to foreclose the mortgage. On July 11, 1955, the referee entered an order giving leave to foreclose. According to the agreed statement of facts, notice of this "abandonment" of real estate was not given to any other parties. The real estate was sold by the sheriff on May 5, 1956. The amount remaining after payment of the first mortgage, costs and taxes, was applied by the sheriff to the payment of the United States Government tax lien, and the balance was distributed in

partial satisfaction of the judgments of the Norristown Plumbing Supply Company.

Briefly stated, the issue before us is whether the lien of a judgment on real estate is indefinitely preserved by an adjudication of the debtor's bankruptcy, notwithstanding the fact that the lien is not revived[1] and the real estate is thereafter sold on a mortgage foreclosure in the state court. Counsel assert that this is a question of first impression. Our conclusion is that the question must be answered in the negative.

Appellant first contends that, under Section 6 of the Act of June 16, 1836, P. L. 755, 12 P.S. 2661, the court has the power to hear and determine disputes concerning the distribution of the proceeds of a sheriff's sale "according to law and equity", and that we should therefore "give strong emphasis" to equitable principles. However, the Act in question must be applied in the light of the Act of April 10, 1862, P. L. 364, as amended, 12 P.S. 2670. This later statute provides that, when real estate is sold by virtue of a writ of execution, the sheriff shall report to the court by filing a schedule of distribution of the proceeds of the sale "according to the list of liens on the property sold, as certified to the sheriff from the record by the proper officers". The rights of lien creditors are to be determined by their status as shown by the record at the time of the sale: *Douglass's Appeal,* 48 Pa. 223; *Indiana County Bank's Appeal,* 95 Pa. 500.

---

[1] Section 2 of the Pennsylvania Judgment Lien Law provides as follows: "Every judgment . . . shall be a lien upon all real property within the county where the judgment is entered, which . . . is owned by the person against whom the judgment is entered, and shall . . . continue as a lien . . . for a period of five years from the date on which the judgment was entered, and no longer, unless the same is revised [revived] as hereinafter provided". Act of July 3, 1947, P. L. 1234, Section 2, 12 P.S. 878.

Appellant's next contention is that "the bankruptcy of the defendants fixed the status of defendants' lien creditors as of the time of the entry into bankruptcy". Appellees concede that this rule governs distribution of an insolvent debtor's property in the federal court, so that liens which were valid at the time of the filing of the petition in bankruptcy are preserved without need to revive in compliance with state law.[2] However, the present appeal is not concerned with proceedings in the bankruptcy court. The order of the referee authorizing foreclosure of the mortgage was a relinquishment of the real estate to the jurisdiction of the state courts: *In re Ely*, 28 F. 2d 86. It is argued that "no notice was given to appellant of this release", but the order of the referee cannot be subjected here to collateral attack. Furthermore, at the time of the release, the lien of appellant's judgments had expired. Nor are we in accord with appellant's argument that the lower court's decision gives to the trustee in bankruptcy "full control of the status" of her judgments. Appellant could have protected her interests by reviving her liens.

Appellant further contends that "the Court of Common Pleas should follow the decisions of the federal court in respect to the problem presented in this case". While it is true that a Pennsylvania court, when called upon to apply a federal statute, will follow federal decisions interpreting that statute, *Thomas v. Hempt Bros.*, 371 Pa. 383, 89 A. 2d 776, we are not here faced with such a problem. The abandonment of the real estate as an asset of the bankruptcy placed it without

[2] *McCormick v. Puritan Coal Co.*, 28 F. 2d 331; *Shalet v. Klauder*, 34 F. 2d 594; *Ludowici Celadon Co. v. Potter Title & Trust Co.*, 273 F. 1009; *American Coal Burner v. Merritt*, 129 F. 2d 314; *Lockhart v. Garden City Bank & Trust Co.*, 116 F. 2d 658; *Lake County Fuel & Supply Co. v. Howard*, 70 F. 2d 391.

the application of the federal statute, and the Pennsylvania Judgment Lien Law must apply. It should perhaps be here noted that, under Pennsylvania law, the lien of a judgment against a debtor's real estate cannot be continued after five years, without a revival, by virtue of his assignment for the benefit of creditors: *Appeal of Ferrance's Administrator,* 107 Pa. 180.

Appellant's final contention is that "the purpose of the Judgment Lien Law of 1947 is best fulfilled by sustaining the exceptions". She argues that the purpose of the statute is to afford notice to creditors who may be asked to extend additional credit, and that there is no need of such notice in view of the bankruptcy; further, that the other judgments had not been based on an extension of credit in reliance upon the failure of appellant to revive. While this argument might merit equitable consideration, it is answered in the following language of Judge FORREST for the court below: "The assent of the referee to the foreclosure in the state court neither expressly nor by implication authorized nor could it authorize the extension of liens beyond the period prescribed by state law . . . The bankruptcy court administers property in trust with preferences and priorities determined in accordance with its own equitable rules. This court is a court of law, and our rules as to preservation of liens are entirely statutory".

Order affirmed.