### UNITED STATES of America
v.
### CODE PRODUCTS CORPORATION et al.
Civ. A. No. 23054.

United States District Court
E. D. Pennsylvania.
Nov. 7, 1960.

---

2. Delzona Corp. v. Sacks et al., 3 Cir., 1959, 265 F.2d 157.

Walter E. Alessandroni, U. S. Atty., James J. Phelan, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

William J. Hagan, Philadelphia, Pa., for Internal Revenue Service.

Samuel Abramson, Philadelphia, Pa., for petitioner.

Walter Stein, Philadelphia, Pa., for receiver.

William P. Thorn, Philadelphia, Pa., for third-party claimant.

KIRKPATRICK, District Judge.

This is a petition by the chattel mortgagee of certain machinery for an order directing the return to him of the mortgaged property. It is opposed by the Government which has a claim against the debtor for taxes. The pertinent facts are as follows:

The chattel mortgage in question was given on September 20, 1950, and recorded the next day. Later it was assigned to Herbert Scharf, the petitioner. In 1952 the mortgaged property was transferred to Code Products Corporation, subject to the mortgage. On June 20, 1955, Code Products filed a petition for reorganization under Chapter X and a receiver was appointed. The petition was amended on September 12, 1955, to seek relief under Chapter XI. Thereafter on January 3, 1956, an arrangement was confirmed. The plan called for payment in full on an installment basis of the involved federal tax liabilities. The company defaulted in these payments. On August 6, 1957, on the petition of the Government, an equity receiver was appointed.

In the meantime, on March 28, 1957, the chattel mortgage in question was refiled for the first time since its original recordation. The law of Pennsylvania requires refiling within five years in order to preserve the lien of a chattel mortgage.

As part of the plan or arrangement as confirmed, an injunction was issued against the debtor forbidding it to transfer or encumber any property without the consent of the District Director of Internal Revenue. I do not regard such a provision as a retention of title in the trustee since, plainly, if the title were in him, no prohibition against the debtor's disposal or encumbrance of the property would have been needed. The title to the property, therefore, vested in accordance with 11 U.S.C.A. § 110, sub. i and was, in effect, relinquished by the bankruptcy court, even though the conduct of the debtor in relation to it was restricted. The fact that the Court may have retained jurisdiction over the debtor as distinguished from title to his property does not affect the result. We are here concerned with the lien of a chattel mortgage on the property and not with a claim against the trustee or the debtor. The situation was, therefore, the same as that in the case of Natoli Appeal, 186 Pa. Super. 81, 140 A.2d 458, where it was held that the rule to the effect that the rights of a lienor are fixed as of the time of the filing of the petition in bankruptcy, thus rendering the refiling required by the Pennsylvania statute, 12 P.S. § 878, unnecessary, does not apply to property that has been released from the jurisdiction of that court. The Pennsylvania court held that failure to refile within the statutory period destroyed the lien asserted.

Even if we assume the law to be that the custody of the court over the property subject to the chattel mortgage tolled the period for refiling, the petitioner still cannot prevail since his refiling occurred more than 14 months after the court relinquished the title to the property to the debtor. As noted above, the chattel mortgagee had only three months left in which to file his mortgage in order to preserve it when the original petition under Chapter X was filed.

The prayer of the petition is denied.