## COSMOS KELLER

### *v.*

## ROBINSON & CO.

*Filed at Springfield November 26, 1894.*

1. CHATTEL MORTGAGES—*time debt may run—act of 1891 construed.* The act of 1891, amending the statute concerning chattel mortgages, authorizes the making of a valid chattel mortgage to secure an indebtedness due after the expiration of two years from the time it is filed for record. *Silvis* v. *Aultman & Co.* 141 Ill. 632, distinguished.

2. REPLEVIN—*demand necessary, unless waived.* To maintain an action of replevin by the mortgagee for the return of property taken from the mortgagor on execution, there must be proof of demand and refusal to return the property, unless there is a waiver of the demand, or proof that it would have been unavailing.

3. SAME—*whether demand was waived is a question of law.* Whether the facts, when considered together, amount to a waiver of demand is a question of law.

4. SAME—*waiver of demand—facts insufficient to show.* The refusal of the defendant to surrender the property after the writ was issued is not proof that a proper demand would have been unavailing, and a stipulation showing defendant relied upon the invalidity of the mortgage as his defense cannot be construed into a waiver of demand.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Jersey county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. THOMAS F. FERNS, for the appellant :

Sweeney had such an interest in the chattel property as might be sold on execution. *Merritt* v. *Niles*, 25 Ill. 282 ; *Pike* v. *Colvin*, 67 id. 227; *Holladay* v. *Bartholomae*, 11 Ill. App. 206 ; *Simmons* v. *Jenkins*, 76 Ill. 479.

A sheriff making a levy under an execution in his hands, upon mortgaged property in the possession of the mortgagor, is not a trespasser in making such levy, and replevin in the *cepit* will not lie for such taking. *Simmons* v. *Jenkins, supra ; Holladay* v. *Bartholomae, supra ; Johnson* v. *Prussing*, 4 Ill. App. 575 ; *Tuttle* v. *Robinson*, 78 Ill. 332 ; *Hammond* v. *People*, 32 id. 446.

The levy itself did not mature the notes, but it only gave the right to the mortgagee to take possession under the unsafe clause. Until that affirmative act was done, the rights, duties and obligations of all parties remained precisely the same as if the mortgage had contained no such provision. *Wilson* v. *Rountree*, 72 Ill. 570 ; *Beach* v. *Derby*, 19 id. 617.

The facts show that no demand was made by appellee for the possession of the property levied upon by appellant until after the replevin suit was commenced and the writ of replevin was issued and served upon the appellant by the coroner, when the demand for possession was made, and the writ was then re-served. Such a demand is insufficient to sustain replevin in the *detinet*, the same proof being required as would sustain an action for trover or conversion. *Ingalls* v. *Buckley*, 13 Ill. 314; *Quinn* v. *Schmidt*, 91 id. 84; *Schemerhorn* v. *Mitchell*, 15 Ill. App. 420 ; *Harris* v. *McCasland*, 29 id. 430 ; *Ehle* v. *Deitz*, 32 id. 547.

The demand for the possession of the property being made after suit commenced and writ issued and served,

came too late. *Railway Co.* v. *Noe*, 77 Ill. 513; *Clark* v. *Lewis*, 35 id. 417.

It is a familiar rule that "the expression of one thing is the exclusion of another." (*Launtz* v. *Gross*, 16 Ill. App. 332.) In the case cited, the court, construing an act, says: "The statute covers the whole subject matter indicated by its title, and was intended as a substitute for the then existing law. * * * The rule that the expression of one thing is the exclusion of another applies."

In *Blatchford* v. *Boyden*, 16 Ill. App. 384, where an agreement was made at the time of the execution of the mortgage (prior to the amendment of 1891) "that at its maturity the mortgage, if not paid, should be renewed for another term," it was held that the "entire scheme was undertaken for the purpose of so dealing with the property as to keep it in the possession and enjoyment of Munson, and to protect it from the liens and claims of their creditors." And in *Levy* v. *Reitz*, 25 Ill. App. 615, the court held that the fact that the debt was *bona fide* does not render a mortgage valid, if it is seen from the instrument itself, or otherwise, that the purpose or effect was to hinder or delay creditors. *Marseilles Manf. Co.* v. *Rockford P. Co.* 26 Ill. App. 204.

A mortgage which depends upon the debt must be valid or invalid at the time it is filed for record, and which must be limited to two years. *Silvis* v. *Aultman & Co.* 141 Ill. 632; *Hixon* v. *Mullikin*, 18 Ill. App. 384; *Levy* v. *Reitz*, 25 id. 615; *Marseilles Manf. Co.* v. *Rockford P. Co.* 26 id. 204; *Gaar, Scott & Co.* v. *Bank*, 20 id. 613; *Blatchford* v. *Boyden*, 122 Ill. 657.

It is this entire debt that is specified as the consideration for the mortgage, and not merely the first and second notes. It was given to secure all the debt, or none. *Gaar, Scott & Co.* v. *Bank*, 20 Ill. App. 613.

When a mortgagee fails or neglects to see that every step required by the statute is complied with, his mortgage is void *ab initio,* and creditors may take the prop-

erty to satisfy their debts, and are never chargeable with bad faith in so doing. The courts universally approve of such taking, and furnish the mortgagee no redress. *Porter* v. *Dement*, 35 Ill. 478; *McDowell* v. *Stewart*, 83 id. 538; *Sage* v. *Browning*, 51 id. 217; *Blatchford* v. *Boyden*, 122 id. 657; *Long* v. *Cockern*, 128 id. 29.

If demand is made after the commencement of the suit, it is too late,—that is, after affidavit made and filed. Besides, this is an action of replevin, and the possession, not the general ownership of property, is necessarily determined. *Warner* v. *Mathews*, 18 Ill. 83.

Mr. H. W. POGUE, and Mr. O. B. HAMILTON, for the appellee:

In this case, appellee's chattel mortgage being valid, the legal title to the property covered by it passed to appellee as a security for the performance of the conditions of the mortgage. *Frink* v. *Pratt & Co.* 130 Ill. 332.

The recording of the chattel mortgage is notice to all parties of the mortgagee's rights, and equivalent to a delivery of possession to mortgagee. *Speer* v. *Skinner*, 35 Ill. 282; Jones on Chattel Mortgages, secs. 236, 329.

The legal title to the property being in appellee under its mortgage, and the appellant having notice of appellee's rights by the recording of its mortgage, the taking of the property under the executions against Joshua Sweeney, the mortgagor, and ignoring the title of appellee as mortgagee, were wrongful as against appellee, and no demand was necessary to be made by appellee upon appellant prior to the institution of its replevin suit.

The appellant had an opportunity to return the property and save costs, but he refused to do so, and no return of the property would be adjudged, as the appellee has shown its right to the possession of the property as mortgagee, and there could only be a judgment for costs for appellant. *Farwell* v. *Hanchett*, 120 Ill. 578; Rev. Stat. chap. 119, sec. 22.

The original taking by appellant under the executions against Sweeney as his property, and the denial of all appellee's rights as mortgagee, were wrongful, and no demand was necessary upon the part of appellee before instituting suit. *Oswald* v. *Hutchinson*, 26 Ill. App. 273.

The general rule may be stated, that when the defendant's possession has been acquired through force or fraud, or, though rightful in its inception, the defendant has subsequently done any act amounting to a conversion of the property to his own use, or intended to deprive the rightful owner of his goods, demand is not necessary. Wells on Replevin, sec. 345; 5 Am. & Eng. Ency. of Law, 528 j, 528 k, 528 l, 528 m.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

On the 26th day of August, 1893, appellant, as sheriff of Jersey county, levied two executions against one Sweeney, upon an engine then owned by him and in his possession. Appellee claimed the property under a chattel mortgage executed to it by Sweeney, July 20, 1892, and filed for record August 8, 1892, and brought this action of replevin to recover the same. The first count of the declaration is in the *cepit* and the second in the *detinet.* The pleas were *non cepit, non detinet,* property in the defendant in the executions, and justification under the writs. On each of these pleas issue was joined, a jury waived, and the case tried before the court on an agreed statement of the facts. The circuit court gave judgment for the plaintiff for the property and nominal damages and costs of suit, and the defendant appealed to the Appellate Court for the Third District, where the judgment below was affirmed.

Under the agreed facts and propositions submitted to be held as the law of the case, the controlling questions for decision are, is the chattel mortgage under which the plaintiff claimed the property valid as against the execu-

tion creditors, and if it is, was a demand necessary before bringing the suit.

The only ground upon which appellant insists that the mortgage is invalid is, that it shows on its face that the time between the filing of it for record, and the maturity of the entire debt secured by it, exceeded the period of two years. The fact that a part of that debt did not become due until after the expiration of that time is admitted, and therefore the only question upon this branch of the case is, whether, under our statute relating to chattel mortgages, in force when the instrument in question was executed, such a mortgage is valid. The decision of that question involves a consideration of the amendatory act of 1891. The title of that act is, "to amend section four (4) of an act approved March 26, 1874, as amended by an act approved June 16, 1887," and the amendment is in the following language : "Such mortgage, trust deed or other conveyance of personal property, acknowledged as provided in this act, shall be admitted to record by the recorder of the county in which the mortgagor shall reside at the time when the instrument is executed and recorded, or in case the mortgagor is not a resident of this State, then in the county where the property is situated and kept, and shall thereupon, if *bona fide*, be good and valid from the time it is filed for record until the maturity of the entire debt or obligation, or extension thereof made as hereinafter specified : *Provided*, such time shall not exceed two years from the filing of the mortgage, unless within thirty days next preceding the expiration of such two years, or if the said debt or obligation matures within such two years, then within thirty days next preceding the maturity of said debt or obligation, the mortgagor and mortgagee, his or their agent or attorney, shall file for record in the office of the recorder of deeds of the county where the original mortgage is recorded, also with the justice of the peace, or his successor, upon whose docket the same was entered, an affi-

davit setting forth particularly the interest which the mortgagee has, by virtue of such mortgage, in the property therein mentioned, and if such mortgage is for the payment of money, the amount remaining unpaid thereon, and the time when the same will become due, by extension or otherwise, which affidavit shall be recorded by such recorder and be entered upon the docket of said justice of the peace, and thereupon the mortgage lien originally acquired shall be continued and extended for and during the term of two years from the filing of such affidavit, or until the maturity of the indebtedness, or extension thereof secured by said mortgage: *Provided*, such time shall not exceed two years from the date of filing such affidavit." 3 Starr & Curtis, sec. 4, chap. 95, p. 892.

Counsel for appellant relies upon the decision in *Silvis* v. *Aultman & Co.* 141 Ill. 632, as decisive of the invalidity of this mortgage. It is true, the mortgage held invalid as to execution creditors in that case was given to secure an indebtedness a part of which did not mature for more than two years after the recording of the instrument, and was in other respects substantially like the one now before us. That mortgage was, however, executed under the statute of 1874, as amended by the act of 1887, and held invalid under that statute. We expressly said in that case that the amendatory act approved June 17, 1891, had no application.

But it is said, the act of 1891 made no material change in the statute as it existed under the act of 1887. This is clearly a misapprehension. By the amendment of 1887 the only time at which the affidavit for an extension could be filed was within thirty days next preceding the maturity of the note or obligation for which such instrument or mortgage was given, and was therefore meaningless unless the maturity of such note or obligation was limited to two years from the filing of the mortgage for record. (*Silvis* v. *Aultman & Co. supra.*) Under that amend-

ment the only statement to be made in the affidavit as to the debt was "the amount remaining due and unpaid." No statement was required as to the maturity of the debt, but simply the time for which the mortgage was extended. We still think that amendment could not, by any fair construction, be made to apply to a mortgage executed to secure an indebtedness falling due more than two years after the instrument was filed for record. But the amendment of 1891, without construction, is applicable to just such a mortgage, and if not so intended by the legislature, contains language which can be given no practical effect. It covers both classes of mortgages, viz., those in which the indebtedness matures within two years, and those in which it does not. Applied to the latter, when stripped of language applicable to the former, it reads: "Such mortgage  *  *  *  shall thereupon, if *bona fide*, be good and valid  *  *  *  until the maturity of the entire debt or obligation: *Provided*, such time shall not exceed two years,  *  *  *  unless, within thirty days next preceding the expiration of such two years,  *  *  *  the mortgagor and mortgagee shall file for record in the office of the recorder,  *  *  *  also with the justice of the peace,  *  *  *  an affidavit setting forth particularly the interest which the mortgagee has, by virtue of such mortgage, in the property therein mentioned, and if such mortgage is for the payment of money, the amount remaining unpaid thereon, and the time when the same will become due,  *  *  *  which affidavit shall be recorded,  *  *  *  and thereupon the mortgage lien originally acquired shall be continued and extended for and during the term of two years from the filing of such affidavit, or until the maturity of the indebtedness, or extension thereof secured by said mortgage: *Provided*, such time shall not exceed two years from the date of filing such affidavit."

We think it clear that the amendment of 1891, in force when the mortgage in question was executed, was in-

153—30

tended to, and does in clear and explicit terms, authorize the making of a chattel mortgage to secure an indebtedness due after the expiration of two years from the time it is filed for record, its validity after the two years depending only upon filing the required affidavit within thirty days next preceding the expiration of that period. In this case the property was seized by the sheriff before the time within which, by the statute, such affidavit could be filed, and hence the mortgage was then valid and in full force and effect. It contained the usual clause giving the mortgagee the right to take possession, if it should feel itself unsafe or insecure, of the mortgaged property. Under that provision, when the officer seized it upon executions the mortgagee could at once enforce its right to possession against him. *Bailey* v. *Godfrey et al.* 54 Ill. 507, and cases cited; *Lewis* v. *D'Arcy*, 71 id. 648; *Simmons* v. *Jenkins*, 76 id. 479.

This brings us to the question whether a demand upon the defendant was necessary before bringing this action. It was held in the case last cited, that notwithstanding a chattel mortgage providing that the chattels shall remain in possession of the mortgagor contains an insecurity clause, still, until default, an officer seizing the property on execution is not guilty of a wrongful taking, and replevin in the *cepit* cannot be maintained against him by the mortgagee. It is there said: "So where the mortgage contains the insecurity clause, the mortgagee may, immediately upon the taking by the officer, exercise the right given by that clause, and demand possession of the property. If refused, he may maintain trover or replevin in the *detinet* for the wrongful detention." This is a reasonable and just rule, and under it the plaintiff below could only maintain its action by proof that the defendant, at the time the suit was brought, wrongfully detained the property. The usual manner of making such proof is by showing a demand and refusal, but such evidence may be dispensed with by proof of a waiver of

demand by the defendant, or showing that it would have been unavailing. *Johnson* v. *Howe et al.* 2 Gilm. 342.

The stipulation of parties shows that a demand in this case was made after the suit was begun and the writ issued, but not before, and that the demand made was refused. That such a demand and refusal did not prove a wrongful detention at the time of bringing the suit is admitted. It is said, however, that the fact that the defendant refused to surrender the property after the writ was issued is evidence tending to prove that a demand before the suit was brought would have been unavailing. This position we regard as untenable. The defendant had a perfect right to rely upon the defense that no proper demand of him had been made. When he refused to release his levy he had that complete defense to the action. To say that his refusal, then, is evidence that he would have done so before the suit was brought if he had been put to his election to give up the property or take the risk of litigation on the right of property alone, is, we think, illogical, and if established as a rule of law would practically dispense with a demand before suit in every case.

It is also claimed the agreement of facts shows a waiver of demand. This contention is not based upon the express language therein used, but because of this statement: "On the part of defendant it is contended that the plaintiff has no standing in court and that this suit has no standing in court; that the time between the filing of the said instrument for record and the maturity of the entire debt and obligation mentioned in said mortgage exceeded the term of two years, contrary to the statute, and that by reason thereof said mortgage is insufficient to allow the plaintiff to recover, and invalid as against said execution creditors." The argument, as we understand it, is, that this stipulation amounts to an agreement that defendant relied upon the invalidity of the mortgage under which the plaintiff claimed, as his

defense, and not upon the fact that no demand for the property had been made. This position we also regard as untenable. It is a strained construction of this clause to say it amounts to an agreement "that the defendant contends that the plaintiff has no standing in court," etc., on the sole ground that its mortgage is invalid. But another part of the stipulation sets forth the facts as to when and under what circumstances the demand was made. This part of the agreement is wholly superfluous if it was the intention of the defendant to waive all question as to the sufficiency of the demand. A waiver is the intentional relinquishment of a known right. (*Perin* v. *Parker*, 126 Ill. 201, and cases cited.) Whether the facts agreed to, when considered together, amount to a waiver of a demand, is a question of law. (*Insurance Co.* v. *Schueller*, 60 Ill. 465.) If the defendant intended to waive a demand for the property before the suit was begun, or proof of such a demand, it would have been very easy to so stipulate. Instead of doing so the parties chose to recite the facts, leaving the question of the sufficiency of the demand so shown open for decision by the court.

While, therefore, we are clearly of the opinion that the circuit and Appellate Courts decided correctly as to the validity of the chattel mortgage under which the plaintiff claimed, we are unable to concur in the view that this record contains evidence tending to show that a proper demand for the property would have been refused or that such a demand was waived by the defendant, and on that ground alone. the judgment of the Appellate Court will be reversed.

*Reversed and remanded.*