### James H. Gilbert v. Thomas W. B. Murray.

1. DEMAND—*For Possession in Replevin.*—A levy by an officer under an execution upon property in the possession of the defendant in execution is rightful. To make the possession of the officer wrongful a demand upon him is necessary.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Mr. Justice WATERMAN dissenting. Opinion filed April 15, 1897.

EDWIN C. CRAWFORD, attorney for appellant, contended that a mortgagor in possession has such an interest in the mortgaged chattels as may be seized on execution. Halladay v. Bartholomae, 11 Ill. App. 206.

Where the sheriff has taken possession under an execu-

Gilbert v. Murray.

tion, the mortgagee must make a demand upon the sheriff for surrender of the property before he is entitled to bring a suit. Keller v. Robinson, 153 Ill. 466.

Bulkley, Gray & More, attorneys for appellee, contended that a default in the payment of any portion of the debt secured at the times specified in the mortgage for the payment of the same, gave appellee, as mortgagee, the right to take possession of the mortgaged property. It was not incumbent upon him to wait until the maturity of the whole indebtedness. McConnell v. Scott, 67 Ill. 274; Cleaves v. Herbert, 61 Ill. 126; Schultz v. Plankington Bank, 40 Ill. App. 462; Marseilles Mfg. Co. v. Rockford Plow Co., 26 Ill. App. 198.

Mr. Justice Gary delivered the opinion of the Court.

This case is argued upon the assumption by the parties that the appellee had a chattel mortgage upon some tents, and that the appellant, as sheriff of Cook county, under an execution issued upon a judgment against the mortgagor, levied upon the tents, which the appellee thereupon replevied by this action. Two special replications to the plea of the appellant, justifying under the execution, were not answered by rejoinders; but we will consider the case as the briefs assume it to be.

The mortgage provides that the mortgagor may retain possession of the tents " to keep and use the same until it, or its successors or assigns, shall make default in the payment of said sum or sums of money above specified, at the time or times, and in the manner hereinbefore stated, and the said mortgagor hereby convenants and agrees that in case default shall be made in the payment of the sum aforesaid, or any part thereof, on the day or days, respectively, on which the same shall become due and payable, then all of said sums of money remaining unpaid shall, at the option of the said mortgagees, their executors, adminstrators or assigns, with three days' notice in writing of said option to mortgagees, become at once due and payable, and the said

mortgagees, their executors, adminstrators or assigns, or or any of them, shall thereupon have the right to take immediate possession of said property, and for that purpose may pursue the same wherever it may be found, and may enter any of the premises of the mortgagor, with or without force or process of law, wherever the said goods or chattels may be, or be supposed to be, and search for the same, and if found, to take possession of, and remove and sell and dispose of said property, or any part thereof, in any manner whatever, as the said mortgagees may choose to do with their own property."

The appellant insists that the three days' notice is a condition precedent not only to the whole debt becoming " at once due and payable," but also to the right of the mortgagee to take possession of the property at all before the whole debt was due by the original terms.

A large part of the debt had become due and remained unpaid before this action was commenced.

A chattel mortgage is a sale (defeasible) of the property to the mortgagee, attended by the right of possession by the mortgagee, except so far as that right is limited by the terms of the mortgage. Here the limitation is that the mortgagor might retain possession until default in payment. The event had happened before this suit was commenced, and so the right of possession by the mortgagor had come to an end.

If, therefore, there was no objection to the mortgage other than is brought to our notice, the appellee was entitled to the possession of the property. Nevertheless, the case was wrongly decided below. The mortgagor being yet in fact in possession, a levy upon the property was rightful. To make the possession of the sheriff wrongful a demand upon him was necessary. We do not decide that a demand upon him in person was necessary; that question is not before us, for there is no proof of any demand upon him, or anybody having any connection with him. In fact, there is no proof that he ever had anything to do with the property, and the judgment against him for costs is wrong. Upon the pleas

Gilbert v. Murray.

denying the taking, and the detention, the verdict should have been in his favor.   Keller v. Robinson, 153 Ill. 458.

The judgment is reversed and the cause remanded.

Mr. Justice Waterman dissenting.

In this action appellant pleaded *non detinet* and *non cepit* and that he took the property under a judgment and execution against the Sylvan Encampment Co.

Appellee testified that at the time when he commenced this suit the property by him replevied was in "the hands of James H. Gilbert, sheriff," and left the stand. Being recalled, he testified that he demanded possession of the property and "they refused to give them up." Upon cross-examination he said he talked with a man there "who appeared to be in charge—constable, I suppose."

"Q.   You mean the sheriff ?   A.   Sheriff.

Q.   Do you know he was the sheriff ?   A.   Well, I don't really know whether I did or not."

The demand being upon the person in charge of the property was, I think, sufficient.

Demand should be made upon one who has possession of the goods and is able to deliver them in compliance with such demand.   Wells on Replevin, Sec. 375.

When a defendant contests the case all through the trial upon a claim of superior right to the property, he can not afterward set up a want of demand as a reason for his failure to surrender.   When he desires to reply on a want of demand, he should show a willingness to deliver the goods upon a proper one, and that none has been made.   Wells on Replevin, Sec. 374.

Proof of any circumstance which would satisfy a jury that a demand would have been unavailing (as a refusal by the defendant to listen to one, or a statement in advance that he will not deliver), will be sufficient to excuse proof of a demand.   Wells on Replevin, Sec. 373; Johnson v. Howe et al., 2 Gil. 342; Cranz v. Krozer, 22 Ill. 74; Bruner v. Dyball, 42 Ill. 35.

The pleas of *non cepit* and *non detinet* conceded the right

of property to be in the plaintiff, appellee, and only put in issue its caption and detention.   Von Namee v. Bradley, 69 Ill. 299.

Under the plea of judgment and levy upon execution, the burden of proof was upon the defendant.   Wells on Replevin, Sec. 302.

I think the judgment of the Superior Court should be affirmed.