### In re GROSSE.

### GROSSE v. McKEY.

Circuit Court of Appeals, Seventh Circuit.
February 23, 1928.

No. 3971.

1. **Bankruptcy ⟨⟩458—Question not decided by referee or judge is not considered on appeal.**

Contention, which was not decided by referee or judge, is not available on appeal to Circuit Court of Appeals.

2. **Bankruptcy ⟨⟩152—Title to bankrupt's property passes to trustee as of date of petition.**

Title to bankrupt's property passes to trustee on his election as of the date of the filing of bankrupt's petition.

3. **Bankruptcy ⟨⟩184(2⅛)—Chattel mortgage which matured within 90 days before petition for mortgagor's bankruptcy held valid as between mortgagee and bankrupt's trustee, though not extended (Chattel Mortgages Act, § 4 [5 Callaghan's Ann. St. Ill. 1924, c. 95, par. 4]).**

Chattel mortgage maturing within 90 days of filing of involuntary petition for mortgagor's bankruptcy held valid, as between mortgagee and trustee in bankruptcy, under Chattel Mortgage Act, § 4 (5 Callaghan's Ann. St. Ill. 1924, c. 95, par. 4), making chattel mortgage valid from time of filing until 90 days after maturity of debt, or until 90 days after extension of time for payment, and mortgagee's right was not defeated by failure to extend mortgage; rights of parties being fixed as of date of filing petition in bankruptcy.

4. **Bankruptcy ⟨⟩161(2)—Second mortgage, given several days after maturity of first mortgage to same creditor covering same property, held not wholly void as attempted preference, notwithstanding mortgagor's subsequent bankruptcy (Chattel Mortgages Act, § 4 [5 Callaghan's Ann. St. Ill. 1924, c. 95, par. 4]).**

Where chattel mortgage was given several days after maturity of the first mortgage to same creditor, covering same property, creditors were not injured, and second mortgage was not wholly void as attempted preference, notwithstanding mortgagor's bankruptcy one month thereafter, under Chattel Mortgages Act, § 4 (5 Callaghan's Ann. St. Ill. 1924, c. 95, par.

4), which makes chattel mortgage valid for 90 days after maturity.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Proceeding between Frank M. McKey, trustee of Otto H. Grosse, bankrupt, and F. Louis Grosse, bankrupt's mortgagee, involving the validity of two chattel mortgages. From an adverse decree, affirming the referee's findings, the mortgagee appeals. Reversed and remanded, with directions.

Theodore A. Kolb, of Chicago, Ill., for appellant.

Arthur C. J. Chittick, of Chicago, Ill., for appellee.

Before ALSCHULER and PAGE, Circuit Judges, and LINDLEY, District Judge.

PAGE, Circuit Judge. The controversy here, between F. Louis Grosse, appellant, and appellee, trustee in bankruptcy of Otto H. Grosse, involves the validity of two Illinois chattel mortgages from bankrupt to appellant.

The first mortgage was made October 5, 1923, to secure a note for $6,500, maturing October 5, 1925, and the second was made October 9, 1925, to secure a note for $8,500, due on or before 3 years after date. The second mortgage embraced the property covered by the first, and also additional property owned by bankrupt, and both covered substantially all of the property owned by the bankrupt at the time each was made. The old indebtedness was a part of the new note.

The bankrupt filed his involuntary petition on November 9, 1925. The referee found that appellant, when the second mortgage was executed, knew that bankrupt had been insolvent since 1923, and that the giving of the second mortgage was an attempt to prefer a creditor, within 4 months prior to the filing of the petition in bankruptcy. The referee also found that there was no present consideration for the second mortgage; that there was no threat or talk of foreclosure of the first mortgage by appellant, and possession of the chattels was not taken thereunder; that it was the intention of appellant to replace the first mortgage with the second; that the property remained in the possession of the bankrupt until after he filed his petition in bankruptcy. The District Court affirmed in all respects the findings of the referee.

On January 16, 1926, appellee filed his petition, averring that bankrupt had advertised that he would sell his property on January 19th. Upon the filing of that petition, the sale was enjoined. Thereupon appellant filed a petition. Following these petitions, the parties stipulated, and the referee ordered, that the sale proceed under the direction of the trustee, and that the trustee hold the proceeds, without prejudice to the rights of either party. The acknowledgments, the recording, and the bona fides of the debt secured by each mortgage are not brought in question.

[1] Appellee urged in the District Court:

(a) That neither mortgage sufficiently describes the property. It is conceded that defective descriptions of property covered by chattel mortgage may be aided by oral evidence. Neither the referee nor the judge decided that question, and that contention is not now available here.

(b) That the first mortgage, under the provisions of paragraph 4, c. 95, of the Illinois Statutes (5 Callaghan's Ill. Stats. Ann. p. 5157), at the maturity of the note secured thereby, expired for all purposes except the right of extension in the manner provided in that section, and, as there had been no such extension, appellant lost all rights thereunder as of the date of maturity of the note secured thereby.

(c) That the second mortgage was void as an attempt to prefer one creditor over another.

The Illinois statute on chattel mortgages provides:

"Sec. 4. Such mortgage * * * shall be admitted to record by the recorder * * * and shall thereupon, if bona fide, be good and valid from the time it is filed for record until ninety days after the maturity of the entire debt or obligation or until ninety days after an extension of the time of payment thereof made as hereinafter provided; Provided, that such maturity shall not exceed three years from the filing of such instrument for record unless within ninety days after the expiration of said three years, or if the debt or obligation matures within such three years, then within ninety days after the maturity of said debt or obligation, the mortgagor and mortgagee, * * * shall file for record in the office of the recorder of deeds of the county where the original mortgage is recorded, an affidavit setting forth particularly the interest which the mortgagee has by virtue of such mortgage in the property therein mentioned, and if such mortgage is for the payment of money, the amount remaining unpaid thereon, and the time when the same will become due by extension or

otherwise; which affidavit shall be recorded by such recorder, and thereupon the mortgage lien originally acquired shall be continued and extended until ninety days after the expiration of such period of extension of the time of payment: Provided, such extension of the time of payment shall not exceed one year from the filing of such affidavit." 5 Callaghan's Ill. Stats. Ann. p. 5157.

It is unnecessary to trace the various amendments that have been made to section 4, since the Revised Statutes of 1845. It was changed in the Revision of 1874, amended in 1887, 1891, 1903, and again in 1921. The 1921 amendment is the one in question here.

The amendments to section 4 have all been along the line of liberalizing it, so as to permit a chattel mortgage to be made for a longer time than under the act of 1845, and to permit extension and continue the lien without requiring the making of a new mortgage. Under the amendment of 1887 (Laws 1887, p. 241) the mortgage was good for 2 years from the date of filing for record, and if the affidavit, provided for in the act, was filed "within thirty days next preceding the maturity of the note" it might be extended for a further term of 2 years. Under the act of 1891 (Laws 1891, p. 171), there were some changes which are construed in Keller v. Robinson, 153 Ill. 458, 38 N. E. 1072, which are not material here. In 1903 (Laws 1903, p. 254), it was provided that the mortgage should be good "from the time it is filed for record until the maturity of the entire debt or obligation, or extension thereof made so hereinafter specified."

The time was there extended to three years, but it was also provided that any extension made must be by affidavit within 30 days next preceding the expiration of the 3 years, and that the extension could be for only one year from the date of the filing of the affidavit. The act of 1921 (Laws 1921, p. 569), in that part of the section preceding the proviso, reads: "Shall * * * be good and valid from the time it is filed for record until ninety days after the maturity of the entire debt or obligation or until ninety days after an extension of the time of payment thereof made as hereinafter provided." It made two material changes. The first was that the validity of the lien was extended for 90 days after the maturity of the entire debt, provided the maturity should not exceed 3 years from the filing of the instrument for record. The other change was that the extension may be made at any time within 90 days after the period of 3 years, or after the maturity of the debt if it matures within less than 3 years.

The authorities cited by appellee seem to support his general proposition that, if the time for extension lapses without any extension having been made, the validity of the mortgage is at an end; but it does not follow that, because there was no extension in the instant case, appellee must lose the protection of his lien. In this case the 90 days after the maturity of the debt did not expire until January 5, 1926. The voluntary petition in bankruptcy was filed on November 9, 1925.

[2, 3] The title to the bankrupt's property passed to the trustee, upon his election, as of the date of the filing of the petition. The object and purpose of proceedings in bankruptcy is to reduce speedily to money and equitably distribute the bankrupt's estate. There were nearly 60 days after the petition in bankruptcy during which, under the Illinois statute, an extension might have been lawfully made pursuant to the terms of that statute; but the title to the property vested in the trustee and the parties to the mortgage had no right, without the consent of the bankruptcy court, to make and it would not have been in the interest of the estate to permit, an extension of the mortgage.

We are of opinion that, as between appellant and appellee, the rights of the appellant remain as they were fixed by the filing of the petition in bankruptcy and the appointment of the trustee. Whatever they were, they were preserved by the stipulation of the parties and by the order of the referee under which the sale of the property was made.

[4] Nor do we think the second mortgage was void as an attempted preference of one creditor over another. At least, not wholly so. It covered the same property covered by the first mortgage. There is no reason why other creditors should be protected to a greater extent than they are injured. We are of opinion that that mortgage should be preserved for the benefit of appellant to the extent of the property covered by the first mortgage, in so far as necessary to pay the debt secured by the first mortgage.

The order is reversed, and the cause remanded, with directions to proceed in harmony with this opinion.