**Henry C. Busch, Appellee, v. Fred Tatar et al., Appellants.**

**Gen. No. 36,199.**

Opinion filed May 24, 1933.

NATHAN M. CHAVIN, for appellants; ARTHUR QUA-DOW, of counsel.

FRANCIS E. HINCKLEY and JAMES L. COLEMAN, for appellee; FRANK C. RATHJE, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

This is an appeal from a judgment for the plaintiff in a replevin suit brought by plaintiff against defendants to recover possession of the personal property previously levied upon by defendants under a writ of execution issued out of the municipal court of Chicago under a judgment entered in a cause wherein Fred Tatar, Louis Tatar and Jacob Tatar, defendants herein, were plaintiffs and Harper A. Busch, the son of the plaintiff in the instant case, and one Al E. Cotey, were defendants. Plaintiff herein claims the right to the possession of the property by the terms of a chattel mortgage given to plaintiff by the judgment debtors, Harper A. Busch and Al E. Cotey.

The only question raised here is that the chattel mortgage is not valid, because, by its terms, the debt secured by it matures more than three years after the recording of the mortgage. The mortgage was executed on October 2, 1931, and filed for record in the office of the recorder of deeds of Cook county, Illinois, on October 6, 1931. The debt which the mortgage is given to secure is evidenced by an instalment note dated October 2, 1931, for the sum of $2,000, payable as follows: $50 or more on or before the 2nd day of November, 1931, and $50 or more on or before the 2nd day of each and every month thereafter until the sum of $2,000 with interest, shall be paid. It is the contention of appellant that inasmuch as the last note is payable on or before February 2, 1935, more than three years after the date of the recording of the mortgage, the mortgage is void *ab initio*.

Section 4 of the Mortgages Act, Cahill's St. ch. 95, ¶ 4, entitled "An Act to revise the law in relation to mortgages of real and personal property," in force July 1, 1874, and amended by an act in force July 2, 1931, provides in part as follows:

"That such maturity (*of the debt secured by a chattel mortgage*) shall not exceed three years from the filing of such instrument *(the mortgage)* for record unless within ninety days *after* the expiration of said three years, . . . the mortgagor . . . shall file for record in the office of the recorder of deeds of the county where the original mortgage is recorded, an affidavit setting forth particularly the interest which the mortgagee has by virtue of such mortgage in the property therein mentioned, and if such mortgage is for the payment of money, the amount remaining unpaid thereon, and the time when the same will become due by extension or otherwise; which affidavit shall be recorded by such recorder, and thereupon the mortgage lien originally acquired shall be continued and extended until ninety days after the expiration of such

period of extension of the time of payment: *Provided,* such extension of the time of payment shall not exceed one year from the filing of such affidavit." (Italics ours.)

As we read this statute, the provision in it is that if the maturity of a debt secured by a chattel mortgage exceeds three years from the recording of the mortgage, then and in that case the mortgagor and mortgagee may, within 90 days after the expiration of three years from such date, by the procedure set forth in the statute, extend the maturity of the mortgage for a period not to exceed one year from the filing of the affidavit.

The mortgage in the instant case contains a provision that "if any writ or distress warrant shall be levied on such goods and chattels, or any part thereof, then and in any or either of the aforesaid cases, all of said note and sum of money, both principal and interest, shall, at the option of the said mortgagee, his executors, administrators or assigns, without notice of said option to any one, become at once due and payable, and the said mortgagee, his executors, administrators or assigns or any of them, shall thereupon have the right to take immediate possession of said property, and for that purpose may pursue the same wherever it may be found," etc.

The statute itself negatives the contention that the mortgage was void *ab initio* because it contains a provision that if the maturity of the debt exceeds three years from the date of the recording of the mortgage, the maturity of the mortgage may be extended for a period not to exceed one year beyond the three-year period by the parties following the procedure provided by the act. It is clear that the general assembly by the act quoted, authorizes the making of a chattel mortgage to secure an indebtedness due after the expiration of three years from the time the mortgage is filed for record, its validity after the three years depending

upon the filing of the affidavit as provided by the act. Here the mortgage was recorded October 31, 1931, execution was levied on behalf of defendants on April 15, 1932, and the plaintiff brought this action to acquire possession of the property on May 9, 1932, as was his right under the terms of the chattel mortgage, all within the three-year period.

Under the authority of *Keller v. Robinson & Co.*, 153 Ill. 458, followed by this court in *Central Trust Co. v. Sheridan Beach Hotel Bldg. Corp.*, 259 Ill. App. 404, the plaintiff was clearly within his rights, and the trial court was not in error in entering the order for the restoration to the plaintiff of the property, the right to the possession of which the court adjudged to be in plaintiff under the terms of the mortgage.

The judgment of the trial court is affirmed.

*Affirmed.*

WILSON, P. J., and HEBEL, J., concur.