## In re LAKE COUNTY FUEL & SUPPLY CO.
### CHICAGO GRAVEL CO. v. HOWARD.
#### No. 5102.

Circuit Court of Appeals, Seventh Circuit.
April 17, 1934.

Kemper K. Knapp, Harry I. Allen, and Harlan L. Hackbert, all of Chicago, Ill., for appellant.

Joseph Kamfner, Edwin A. Halligan, and Irving Bilton, all of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellant, a judgment creditor of the bankrupt, presents for our determination the following question: Is the lien of an Illinois judgment creditor against the real estate of a bankrupt lost by judgment creditor's failure to have execution issue on said judgment within one year of its entry, when it appears that the judgment was rendered on March 31, 1931, and an involuntary petition in bankruptcy was filed on January 25, 1932; and the debtor was adjudged a bankrupt on April 8, 1932?

Section 1, c. 77, Smith-Hurd Rev. St. Ill. 1931, paragraph 1, c. 77, Cahill's Ill. Rev. Stats. 1931, reads as follows:

"* * * A judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained situated within the county for which the court is held, from the time the same is rendered or revived for the period of seven years and no longer: Provided, that there shall be no priority of the lien of one judgment over that of an-

other rendered at the same term of court, or on the same day in vacation * * *. When execution is not issued on a judgment within one year from the time the same becomes a lien, it shall thereafter cease to be a lien, but execution may issue upon such judgment at any time within said seven years, and shall become a lien on such real estate from the time it shall be delivered to the sheriff, or other proper officer, to be executed."

Appellee cites In re Lukas (D. C.) 24 F. (2d) 254; In re Ray H. Flint, 43 A. B. R. 243; Benedict v. Zutes, 88 Misc. 214, 150 N. Y. S. 147.

It seems to us, however, that the weight of authority, backed by better reasoning, supports appellant's contention. In re Grosse (C. C. A.) 24 F.(2d) 305; Ludowici Celadon Co. v. Potter Title & Trust Co. (C. C. A.) 273 F. 1009.

Moreover, there are Supreme Court decisions, which throw light on the question.

In Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 737, 51 S. Ct. 270, 271, 75 L. Ed. 645, the court said:

"Upon adjudication, title to the bankrupt's property vests in the trustee with actual or constructive possession, and is placed in the custody of the bankruptcy court. * * * The title and right to possession of all property owned and possessed by the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy, no matter whether situated within or without the district in which the court sits. * * * Thus, while valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity * * *."

In Gross v. Irving Trust Co., 289 U. S. 342, 344, 53 S. Ct. 605, 606, 77 L. Ed. 1243, the court said:

"Upon adjudication of bankruptcy, title to all the property of the bankrupt, wherever situated, vests in the trustee as of the date of filing the petition in bankruptcy. * * * 'The filing of the petition is a caveat to all the world and in fact an attachment and an injunction.' "

It is to the date of the filing of the involuntary petition rather than the date of adjudication that courts must look to ascertain the lien status of creditors of the bankrupt.

Assuming, as we do, that a court of bankruptcy has exclusive jurisdiction of the estate of the bankrupt and its administration and that such jurisdiction begins with the filing of the petition of creditors for an adjudication and such filing is a caveat to all the world, it necessarily follows that the issuance of an execution upon an outstanding judgment which is a lien upon the real estate of the bankrupt, in order to keep such judgment lien alive after the petition is filed in the court of bankruptcy, is either a futile, an idle gesture, ceremonial in character, or an indirect assault upon the exclusive jurisdiction of the court of bankruptcy. A judgment creditor need do neither to preserve his lien, which was in effect when the petition in bankruptcy was filed.

The decree of the District Court is reversed, with directions to proceed in accordance with the views here expressed.