## AMERICAN COAL BURNER CO. v. MERRITT.

No. 9059.

Circuit Court of Appeals, Sixth Circuit.

June 1, 1942.

Thomas S. Dawson, of Louisville, Ky. (Woodward, Dawson & Hobson, of Louisville, Ky., on the brief), for appellant.

Thomas E. Sandidge, of Owensboro, Ky., for appellee.

Before ALLEN, HAMILTON and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This appeal arises out of the disallowance of a mechanic's lien claim upon the real estate of the Nelson Creek Coal Company, a bankrupt corporation doing business in the state of Kentucky. Prior to bankruptcy the appellant had sold the coal company and installed for it two automatic coal burning systems for which no part of the purchase price had been paid. In accordance with Sections 2463 and 2468, Carroll's Kentucky Statutes, appellant had filed in the office of the clerk of the county court of the county in which the improvement was situated a statement of the amount due, with all just credits and set-offs known to it, together with a description of the real property intended to be covered by the lien, and had in all other respects, up to the time of the adjudication, complied with the Ken-

tucky statutes relative to mechanic's liens. The statement was filed December 6, 1939, and on March 20, 1940, an involuntary petition in bankruptcy was filed against the coal company, under which it was adjudicated a bankrupt, and the appellee was appointed trustee. On December 19, 1940, the claim of the appellant for $3,627.60 was allowed, and the referee held that appellant had a mechanic's lien to secure payment of this amount. No review proceedings were instituted attacking this order and the trustee was directed to pay the claim as a lien claim. Thereafter the trustee filed a motion to reconsider the objections and exceptions to appellant's claim and to set aside that part of the order of December 19, 1940, which allowed the claim as a secured claim. The motion to reconsider was granted and the referee thereafter held that because the appellant had failed to bring an action to enforce its mechanic's lien, in accordance with Sections 2470 and 2471, Carroll's Kentucky Statutes, within twelve months from the filing of the statement of lien in the office of the clerk of the county court, the lien securing the claim was dissolved. The referee therefore entered an order disallowing the claim as a lien and allowing it as a general unsecured claim. The District Court dismissed the appellant's petition to review the order of the referee upon the ground that appellant had failed to bring an action to enforce its lien claim within the time prescribed by the state statute.

It is conceded that the claim is just and unpaid and that appellant had performed all acts required for the perfection of its mechanic's lien prior to the filing of the claim in the bankruptcy proceedings. The sole legal question presented is whether when a mechanic's lien claim properly perfected is filed in the bankruptcy court the lien is later invalidated by the provisions of Section 2470 because of the failure of the claimant to bring an action to enforce the lien through an action in equity pursuant to Section 2471. These sections, insofar as material, read as follows:

Section 2470. "The liens declared in this chapter shall be deemed as having been dissolved, unless an action shall have been brought to enforce the same within twelve months from the day of filing the account in the clerk's office, as required by § 2468 of this chapter. * * *"

Section 2471. "Actions to enforce liens declared in this chapter shall be by equitable proceedings, and conducted as other proceedings in equity in similar cases, except as otherwise provided herein. The petition shall, among other things, allege the facts necessary for securing a lien, under this chapter, and a description of the property charged therewith, and the interest he seeks to subject. * * *"

██ We think that the order of the District Court is erroneous. When appellant's claim was filed in the bankruptcy court, the lien had already been perfected and was valid under Section 2468. Under the Kentucky statutes liens created by the filing of the proper statement are not inchoate during the twelve-month period established by Section 2470. While in the absence of bankruptcy proceedings such liens are dissolved unless action to enforce them is instituted under Section 2470, even in such cases they are in full force and effect up to the time the twelve month period has expired. This period had eight months to run after the adjudication herein.

██ It has been held in a number of cases that where a lien claim is asserted in bankruptcy proceedings under state statutes which provide that the lien is not preserved unless positive action to enforce it has been commenced in the state court within a definite period, it is not necessary for the claimant to file action in the state court if the lien is asserted in the bankruptcy court within the statutory time. In re Cook, 6 Fed.Cas. page 381, No. 3151; Chicago Gravel Co. v. Howard, 7 Cir., 70 F.2d 391, certiorari denied In re Lake County Fuel & Supply Co., 293 U.S. 577, 55 S.Ct. 90, 79 L.Ed. 674. This holding is made upon the theory that the assertion of the claim in the bankruptcy court within the period requisite under the state statute is the equivalent of filing other proceedings for enforcement. In re Brunquest, 4 Fed. Cas. page 482, No. 2,055. This construction harmonizes the apparent conflict between the exclusive jurisdiction of the bankruptcy court (Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876), and the mandatory provision of the state statute, by permitting either the filing of the statutory action under permission of the bankruptcy court or the equivalent

prosecution of the claim in the bankruptcy court. Chicago Gravel Co. v. Howard, supra; Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658.

We think that a similar construction is peculiarly applicable under the Kentucky statutes, which do not require that the action to enforce the lien be filed in the state court. That the assertion of the claim in the bankruptcy proceedings is in all material particulars the substantial equivalent of an action for enforcement under Sections 2470 and 2471 is plain, for proceedings in bankruptcy are controlled by equitable principles, American United Mutual Life Ins. Co. v. City of Avon Park, Fla., 311 U.S. 138, 145, 61 S.Ct. 157, 85 L.Ed. 91, 136 A.L.R. 860, and the trustee has full opportunity to contest the validity of the lien, either upon issues of law or fact, in the bankruptcy court.

While the mechanic's lien is the creature of state law and must be perfected and preserved in the manner prescribed by state law, we think that appellant took all the action that was necessary to preserve its lien. When bankruptcy intervened, the lien was valid and in full force, and the filing of the claim as a secured claim in the bankruptcy proceedings had the effect of an action to enforce the lien. Cutler-Hammer, Inc., v. Wayne, 5 Cir., 101 F.2d 823, certiorari denied 307 U.S. 635, 59 S.Ct. 1031, 83 L.Ed. 1517; Chicago Gravel Co. v. Howard, supra; Lockhart v. Garden City Bank & Trust Co., supra. Cf. McCormick v. Puritan Mining Co., 3 Cir., 28 F.2d 331. In the Cutler-Hammer, Inc., case the court declared that bankruptcy does not destroy valid mechanic's liens which are in good standing when bankruptcy intervenes, even though the liens are inchoate and are in the process of completion. It is true, as contended by appellee, that this decision points out that there was still time in that case to take whatever steps were necessary to perfect the lien when bankruptcy supervened. The same situation exists here as to this point, for upon the date of adjudication in March, 1940, some eight months remained before any further action was necessary under Section 2470 and the claim was asserted as a lien in the bankruptcy court during that period. Moreover, here the lien was valid and subsisting on the date of adjudication. In the Lockhart case, supra, a chattel mortgage which was originally duly recorded but which had not been refiled within a year, as required to preserve validity under the New York lien law, was held to be valid as against a trustee.

A similar conclusion was reached in Ludowici Celadon Co. v. Potter Title & Trust Co., 3 Cir., 273 F. 1009, and In re Grosse, 7 Cir., 24 F.2d 305. The rationale of these decisions is that the rights of the parties become fixed at the time of bankruptcy and hence the failure to take later action required under state statute does not invalidate a lien which was in full force and effect when bankruptcy intervened.

We think In re Willax, 2 Cir., 93 F.2d 293, relied on by the District Court, does not affect this conclusion. Given the construction urged by the appellee, it apparently runs counter to the recent Lockhart case, from the same circuit, and also it does not show that the mechanic's lien there questioned was valid, as is the case here, at the time of the institution of the bankruptcy proceedings. If the lien asserted in that case was valid, it apparently could have been continued in force under the terms of the state statute by an order of continuance entered in the bankruptcy court.

The order is reversed and the case is remanded for further proceedings in accordance with this opinion.