**In re BEALE.**
**No. 53 B 726.**

United States District Court,
N. D. Illinois.
Nov. 27, 1953.

Bruno E. Nowogrodski, Referee in Bankruptcy.

Leonard W. Golan, Chicago, Ill., for receiver.

Michael Gesas & Leonard Gesas, Chicago, Ill., for Pansy Campbell and Phyllis Campbell.

HOFFMAN, District Judge.

Pansy Campbell and Phyllis Campbell have filed a petition for review asserting that the Referee erroneously denied their reclamation petition, and more particularly in holding void *ab initio* their chattel mortgage on certain property of James G. Beale, the bankrupt, which mortgage matured by the terms thereof more than five years after the date of the filing and recording of the mortgage. Briefly stated, the petitioners' position is that the Referee was in error in holding that a chattel mortgage given to secure an indebtedness to be paid over a period of five years and three months is invalid under the Illinois Chattel Mortgage Law of 1941, Ch. 95, Sec. 4, Ill.Rev.Stats.

It appears that the chattel mortgage was executed, delivered and recorded on April 15, 1952, concurrent with the delivery of an installment note for $14,-500, payable $200 a month on or before the 15th day thereof, and a final payment of $200 on July 15, 1957. On May 15, 1953, a balance of $12,150.45 was owing. An involuntary petition in bankruptcy was secured against James G. Beale, the mortgagor, on May 25, 1953, followed by an order of adjudication on July 21, 1953. On July 31, 1953, the petitioners filed their reclamation petition seeking the entry of an order directing the Receiver to surrender to them the personal property which was the subject of the chattel mortgage. The Receiver opposed the petition, and a hearing was had and briefs were filed by the opposing parties. The Referee entered an order on August 17, 1953,

**150**

denying the prayer of the petition. The applicable statute provides as follows:

"No mortgage * * * of personal property * * * shall be valid as against the creditors of the mortgagor, * * * unless it shall be deposited for filing or recording * * * within ten days of its execution * * *. Such mortgage * * * shall thereupon * * * be good and valid from the time it is received for filing or recording until ninety days after the maturity of the entire debt or obligation or until ninety days after an extension * * *; *Provided that the period of such mortgage or the period of such mortgage and any extension thereof shall not exceed five years from the receipt of such instrument for filing or recording.* If the entire debt or obligation matures within four years, or less, then if within ninety days after the maturity of said entire debt or obligation, the * * * mortgagee * * * shall deposit for * * * recording * * * an affidavit (setting forth several facts) * * * [stating] the time when the same will become due by extension or otherwise; * * * and thereupon the mortgage lien originally acquired shall be continued and extended until ninety days after the expiration of such period of extension of the time of payment: Provided, such extension of the time of payment shall not exceed one year from the receipt of such affidavit."

▆▆ The Referee, relying on Silvis v. C. Aultman & Co., 141 Ill. 632, 31 N. E. 11, held that the mortgage was void *ab initio,* because by its terms the mortgage was for a period greater than the maximum time provided by the statute. The difficulty in this matter is due to the fact that there have been successive changes in the Illinois Chattel Mortgage Act and the respective decisions following each change. Counsel for both the Receiver and the petitioners have filed

helpful and resourceful briefs and the Court has carefully studied the cases therein cited. The sense of the later decisions is that a chattel mortgage for a term in excess of five years is not void *ab initio,* and where, as in the instant case, enforcement is sought before the expiration of the maximum permissible statutory period, the mortgagee will prevail. It seems to the Court that the purpose of the statute is to provide a limitation of the maximum chattel mortgage lien period to five years (with a grace period of ninety days), but not to invalidate before the expiration of that time a mortgage which by its terms goes beyond the five-year period. Certainly one of the prime purposes of the statute is to provide notice to creditors of the existence of a lien, and at the same time to limit the duration of the lien to what the legislature thought was a reasonable time. I cannot believe the legislature intended that a chattel mortgage creditor should be penalized by the loss of his lien when seeking to enforce it within the period which the statute lays down as permissible.

In reading the statute it is apparent that first of all it is provided that the mortgage, upon recording, "shall be * * * valid from the time it is received for * * * recording until ninety days after the maturity of the entire debt * * * or until ninety days after an extension of the time of payment * * * as hereinafter provided; Provided that the period of such mortgage * * * and any extension thereof shall not exceed five years from the receipt of such instrument for * * * recording." The Act does not say that the instrument shall be invalid if it exceeds five years, but affirmatively provides that it should be valid until ninety days after maturity, with the proviso that the period of the mortgage shall not exceed five years. It is a limitation on validity rather than a pronouncement of invalidity. 14 C.J.S., Chattel Mortgages, § 37, says at page 645:

"Under a statute requiring a renewal affidavit to be filed at the ex-

piration of a prescribed period of time after record of a mortgage, it has been held that a mortgage is not rendered invalid because the mortgage provides for a term of credit longer than the period prescribed."

In the case of Busch v. Tatar, 271 Ill. App. 8, the court had under consideration the 1931 Act, which provided that the maturity of a chattel mortgage "shall not exceed three years from the filing of such instrument for record unless within ninety days after the expiration of said three years * * * the mortgagor * * * shall file * * * an affidavit stating * * * the time when the same will become due by extension * * *." The mortgage in that case was for a few months in excess of three years and the execution was within the first six months. The plaintiffs in that suit brought replevin against the execution creditors, also within the three-year period. The court said, 271 Ill.App. at pages 10-11:

"The only question raised here is that the chattel mortgage is not valid, because, by its terms, the debt secured by it matures more than three years after the recording of the mortgage. * * * It is the contention of appellant that inasmuch as the last note is payable * * * more than three years after the date of the recording of the mortgage, the mortgage is void *ab initio.* * * *

"As we read this statute, the provision in it is that if the maturity of a debt secured by a chattel mortgage exceeds three years from the recording of the mortgage, then and in that case the mortgagor and mortgagee may, within 90 days after the expiration of three years from such date, by the procedure set forth in the statute, extend the maturity of the mortgage for a period not to exceed one year from the filing of the affidavit. * * *

"The statute itself negatives the contention that the mortgage was void *ab initio* because it contains a provision that if the maturity of the debt exceeds three years from the date of the recording of the mortgage, the maturity of the mortgage may be extended for a period not to exceed one year beyond the three-year period by the parties following the procedure provided by the act. * * *"

And in Central Trust Co. v. Sheridan Beach Hotel Building Corporation, 259 Ill.App. 404, it was held that:

"The fact that a part of the bonded indebtedness secured by a chattel mortgage, which permitted possession by the mortgagor until maturity of the debt, does not mature until more than three years after the execution and recording of the mortgage does not render the mortgage void, and give priority to a subsequent judgment lien, where a receiver in foreclosure takes possession of the mortgaged property at the instance of the mortgagee within three years of the execution and recording of the mortgage and before the lien of the judgment had attached."

The case of Keller v. Robinson & Company, 153 Ill. 458, 38 N.E. 1072, distinguished the case of Silvis v. C. Aultman & Co., 141 Ill. 632, 31 N.E. 11, and held that:

"The act of 1891, amending the statute concerning chattel mortgages, authorizes the making of a valid chattel mortgage to secure an indebtedness due after the expiration of two years from the time it is filed for record."

The court in this case said, 153 Ill. at page 466, 38 N.E. at page 1074:

"* * * In this case the property was seized by the sheriff before the time within which, by the statute, such affidavit could be filed, and hence the mortgage was valid and in full force and effect. * * *"

The Court is of the opinion that the Referee erred in entering his order of August 17, 1953. That order is

**152**

therefore reversed and the case is remanded to the Referee to pass upon any questions that might be proper in connection with determining the extent of the lien of the chattel mortgage to the proceeds of the sale of the mortgaged property.

Counsel will kindly prepare a draft order in conformity with the views herein expressed.