In the Matter of PHILLIPS CONSTRUCTION COMPANY, INC., Bankrupt.

Edward LIMPERIS, Trustee, Plaintiff,

v.

FIRST NATIONAL BANK OF GENEVA et al., Defendants.

LAWYERS TITLE INSURANCE CORPORATION, Defendant-Appellant,

v.

AMERICAN ENGINEERING, INC., Defendant-Appellee.

No. 77-2000.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1978.

Decided July 20, 1978.

---

Merwin R. Burman, Chicago, Ill., for appellant.

Fred I. Shandling, Chicago, Ill., for appellee.

Before CASTLE, Senior Circuit Judge, and SPRECHER and BAUER, Circuit Judges.

CASTLE, Senior Circuit Judge.

This appeal stems from a dispute between creditors of the named bankrupt regarding the validity of certain state-created liens in the federal bankruptcy proceeding. The issue presented is whether the pending bankruptcy claim of American Engineering,

Inc., (American) should be declared invalid since the time specified by state law for American to bring suit to enforce its mechanics' lien in state court had expired. We affirm the district court's recognition of the validity of American's mechanics' lien.

### I.

The basic facts are not in dispute. American was a subcontractor of the bankrupt (Phillips) for the development of certain real estate in Kane County, Illinois. American completed all work on the real estate in question by December, 1973. When the contract amount was not forthcoming, American gave proper notice and timely filed a claim for lien with the Recorder of Deeds for Kane County pursuant to §§ 7, 24, 28 of the Illinois Mechanics' Lien Act. Ill.Rev.Stats. ch. 82, § 1 *et seq.* (1975). In May, 1974 an involuntary bankruptcy petition was filed and Phillips was declared a bankrupt in August, 1974. American timely filed proof of its claim in the bankruptcy proceeding in February, 1975.

In July, 1976, Lawyers Title Insurance Corporation (Lawyers) filed a motion for summary judgment against American and other creditors. The motion, joined in by the Trustee, claimed American's mechanics' lien was invalid since American did not bring suit in state court to enforce the lien within two years after completion of the contract work. Ill.Rev.Stats. ch. 82, § 9 (1975). The bankruptcy judge granted summary judgment and declared American's mechanics' lien to be invalid. The district court reversed holding that the two-year state enforceability period was tolled by the filing of a claim in bankruptcy. This appeal followed.

### II.

Appellant Lawyers argues that the two-year enforcement period contained in the Illinois Mechanics' Lien Act is not a statute of limitation but rather is the duration of the right itself and therefore cannot be tolled. *Rochelle Building Co., Inc. v. Oak Park Trust & Savings Bank,* 121 Ill.App.2d 274, 277, 257 N.E.2d 542, 544 (1970); *Muehlfelt v. Vlcek,* 112 Ill.App.2d 190, 193, 250 N.E.2d 14, 16 (1969). Lawyers also contends that filing a claim in a federal bankruptcy proceeding is not equivalent to filing suit to enforce a mechanics' lien in a "court of competent jurisdiction in the county" in which the lien arose. *See Sexton Manufacturing Co. v. Singer Sewing Machine Co.,* 194 F. 56 (7th Cir. 1911). Accordingly, the fact that the bankruptcy petition and American's bankruptcy claim were filed within the two-year period would not preserve the state enforceability of its mechanics' lien.

While appellant's arguments might be persuasive on the question of the current enforceability of American's lien in Illinois courts, we fail to see their applicability to the issue in this case. Under the Federal Bankruptcy Act, whether a statutory lien is valid against the trustee depends upon whether the lien is enforceable against a bona fide purchaser, according to state law, on the date the bankruptcy petition is filed. 11 U.S.C. § 107(c)(1)(B) and § 1(13).[1] The propriety of determining the validity of state liens on the date the bankruptcy petition was filed as opposed to the date the claim is allowed by the bankruptcy court was recognized in *Chicago Gravel Co. v. Howard,* 70 F.2d 391 (7th Cir.), *cert. denied,* 293 U.S. 577, 55 S.Ct. 90, 79 L.Ed. 674 (1934). In *Chicago Gravel,* the court found that requiring the issuance of an execution on a judgment within the time period set by state lien law despite an intervening bankruptcy petition "is either a futile, an idle gesture, ceremonial in character, or an indi-

1. Appellant cites the first proviso in § 107(c)(1)(B) as indicating that state law should control all formalities and enforcement of statutory liens even after the bankruptcy petition is filed. However, this proviso merely serves to validate state liens which, although unenforceable against a bona fide purchaser at the date of filing, may be made enforceable after filing. Here there is no need to reach the second inquiry since American's mechanics' lien was enforceable against a bona fide purchaser at the time the bankruptcy petition was filed. *See* 4 Collier on Bankruptcy ¶ 67.281[2.-2] at 424–25 (14th ed. 1978) [hereinafter cited as Collier].

rect assault upon the exclusive jurisdiction of the court of bankruptcy." *Id.* at 392. Given the language of § 107(c)(1)(B), we see no reason to distinguish between judgment liens and statutory mechanics' liens on this issue. *See also American Coal Burner Co. v. Merritt,* 129 F.2d 314, 316 (6th Cir. 1942); *Lockhart v. Garden City Bank & Trust Co.,* 116 F.2d 658, 661 (2d Cir. 1940); *In re Higgins,* 304 F.Supp. 108, 114–15 (D.S.D. 1969); *In re Romanac,* 245 F.Supp. 882, 885 (W.D.Va.1965), *aff'd,* 386 F.2d 225 (4th Cir. 1967).[2] In this case, as conceded by appellant, American's mechanics' lien was enforceable against a bona fide purchaser at the time the bankruptcy petition was filed since notice was properly given and the claim for lien was timely filed with the Kane County Recorder of Deeds. Ill.Rev. Stats. ch. 82, §§ 7, 24, 28 (1975).

We note that this approach avoids conflict with the automatic stay of lien enforcement proceedings prompted by filing a petition for bankruptcy. Rules Bankr.Proc. Rule 601.[3]

■ The general rule in bankruptcy is that the filing of the petition freezes the right of parties interested in the bankrupt estate. . . . It would seem, moreover, that where the applicable law requires an action to enforce the lien to be instituted within a limited period after the furnishing of services or the filing of the claim, for example, such action should be held to be not only unnecessary after the advent of bankruptcy, but enjoinable in the discretion of the court.

4 Collier, *supra* note 1, ¶ 67.26 at 354 & 357–58 (footnotes omitted). Since, as noted above, American's mechanics' lien was enforceable under Illinois law when the petition for bankruptcy was filed, and also when American filed its secured claim in the bankruptcy proceeding,[4] further action in state court was unnecessary for appellee to preserve its claim in bankruptcy.

For the reasons stated above, the order of the district court is affirmed.

Affirmed.

---

2. Appellant's reliance on *In re Willax,* 93 F.2d 293 (2d Cir. 1937), is misplaced. That case held that failure to continue mechanics' liens in the time period required by New York law caused the liens to become invalid despite the intervening bankruptcy petition. The court reasoned that "continuation" of the lien under New York law was not the same as enforcement and thus did not conflict with bankruptcy jurisdiction. The difference between the state statutes involved distinguishes that case from the present action.

3. Appellant contends that by not forcing lien holders to bring state enforcement action in order to preserve their claims in bankruptcy, a disservice is done to mechanics' lien creditors who might find their liens unenforceable in Illinois courts should the bankruptcy court subsequently be deprived of jurisdiction for whatever reason. While the cautious litigant might seek leave of the bankruptcy court to allow protective filing in state court, we cannot say that failure to do so affects the bankruptcy status of one whose mechanics' lien was properly enforceable at the time the bankruptcy petition as filed.

4. Arguably distinguishable from the present action would be a case where a creditor did not file a secured claim in bankruptcy within the time for enforceability under state law. *See In re Warren,* 192 F.Supp. 801, 804 (W.D.Wash. 1961). Since both the bankruptcy petition and American's bankruptcy claim were filed within the two-year enforceability period, we need not address that situation.